McROBERTS *v.* COPELAND.

(*Knoxville.*    October 26th, 1886.)

1. HUSBAND AND WIFE.    *Deed.    Reservation of joint life estate.    Survivor.*

Where in a deed by husband and wife, conveying lands of the husband, a reservation is made of a life estate, in favor of both, such reservation operates as a conveyance; and upon the death of the husband, inures to the sole benefit of the wife in her own right, as survivor, by operation of law.

(See 7 Yer., 319; 4 Sneed, 683; 6 Cold., 113; 1 Heis., 566; 2 Lea, 271; 5 Lea, 201.)

2. SAME.    *Same.    Same.    Homestead and dower.*

In such case, the husband's interest, under the reservation in the joint deed, in the land conveyed, ceased absolutely with his death; and, in the absence of any provision in the deed, or other proof, that he intended his widow to take the life estate reserved in lieu of homestead and dower, she will be entitled to both out of other lands, of which he died seized and possessed, without reference to the lands conveyed.

---

FROM M'MINN.

---

Appeal from the Chancery Court of McMinn County.   May Term, 1885.   W. M. BRADFORD, Ch.

P. B. MAYFIELD and T. E. H. McCROSKEY for Complainant.

T. M. BURKETT for Defendants.

CALDWELL, J.   Andrew McRoberts owned four tracts of land in McMinn County.   One of them he and his wife, Susannah, conveyed to two of their daughters, for "love and affection."

The *habendum* of the deed is in these words:

"To have and to hold the above-described property, to the said Didama and Victoria McRoberts, their heirs and assigns, forever, subject alone to our life estate, and at our death title to vest in *fee-simple* in the said Didama and Victoria, their heirs and assigns."

Andrew McRoberts died in August, 1883.   Thereafter his widow, the said Susannah, brought this bill for homestead and dower in the other three tracts of land owned by her husband at the time of his death.

J. M. Copeland and wife, Dialpha, who is another daughter of the deceased, resist the bill, and in their answer say they "submit, as a legal proposition, which they are advised is sound, that complainant has no right to hold said life estate in said premises, in the appended deed described, and to claim a homestead and dower, or a homestead or dower, outside of and beyond the same, without said life estate being considered in assigning the same."

The defense is not good.   The exception, or reservation, of the life estate, was expressly for the benefit of both McRoberts and his wife, and, upon his death, it inured to her, in her own right, as survivor, by operation of law.   He had no

McRoberts *v.* Copeland.

such seizin and possession as would entitle his children, or heirs, to have it reckoned as a part of his land in the assignment of homestead and dower. All his title and interest in that particular tract of land ceased absolutely with his death.

The exception, or reservation, in the deed, operates as a conveyance of the land to his widow for life, she surviving him; and as nothing is said in the deed, or shown in the proof, even indicating an intention on his part that she should take that in lieu of homestead and dower, or either, she is entitled to both in the other land, without reference to this particular tract.

The Chancellor granted the relief sought in the bill, and his decree should be affirmed, and the cause remanded for its execution. Copeland will pay the costs of appeal.