9892

BRANYAN *ET AL.* v. TRIBBLE *ET AL.*

(95 S. E. 137.)

DEEDS—ESTATE CREATED—CONDITIONAL FEE—"HEIRS OF HER BODY"— "CHILDREN."—Deed to a woman "and to the heirs of her body," to have and to hold during her life, at her death "to go equally to her children, should she leave any," and, in case she died leaving no child or children, to go to her legal heirs, created a conditional fee, and not a life estate with remainder to her children; it being clearly the intention of the grantor to convey his entire estate, which intention would be defeated by interpreting the words "heirs

of her body" to mean "children," not a word of limitation under such circumstances, since there were no other words of limitation in the deed by which the children could take the fee in remainder, and the clause that in case she died leaving no child or children, etc., being without legal effect, since she did not die without leaving children.

Before WILSON, J., Anderson, Spring term, 1917. Affirmed.

Action to set aside a judgment.

*Messrs. Breazeale & Pearman,* for appellant, cite: *As to construction of deed:* 23 S. C. 46; 23 S. C. 238; 67 S. C. 130; 86 S. C. 450; 91 S. C. 293; 95 S. C. 368; 89 S. C. 561; 23 S. C. 235; 42 S. C. 342; 12 L. R. A. (N. S.) 956, and note. *As to time within which to bring action:* Code of Procedure, sec. 137. *As to direct proceedings:* 24 S. C. 404; R. C. L., vol. XV, p. 783; 13 N. E. 156; 32 S. E. 354.

*Messrs. Bonham, Watkins & Allen* and *J. N. Brown,* for respondents. *Messrs. Bonham, Watkins & Allen,* cite: 106 S. C. 486; L. R. A. 1916e, 312.

January 28, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to set aside the judgment in the case of J. L. Tribble, plaintiff, against James T. Branyan *et al.,* defendants, on the following grounds:

"First, because the plaintiffs who were named as defendants in said action, were never served with copies of the summons or any other notice or process in said action or proceeding, and had no notice that such an action had been brought until after the death of their mother, Mrs. Nariza C. Branyan, in January, 1915; second, because the appointment of the guardian *ad litem* for the defendants therein was procured upon the application of D. S. Branyan, who concealed from said minors the pendency of said action, and was acting in the interest of the plaintiff in said action, and

said appointment was, therefore, void and illegal; third, because the said guardian *ad litem* did not represent their interest, in that he failed to set up the deed under which their interests were vested in the premises, notwithstanding he knew of the existence of said deed, which as an officer of the Court it was his duty to do; fourth, because all the proceedings in said case show that the interests of the plaintiffs in the premises in question, under the deed by which they now claim them, and under which instrument they had an interest in remainder at the time, was not before the Court for adjudication, and their rights were not adjudicated by the order therein; fifth, that they were denied their constitutional rights, in that said order was obtained in a proceeding in which they were deprived of their property without due process of law, and were denied the equal protection of the laws."

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that it shows upon its face that the plaintiffs have no interest in the land therein described, for the reason that the deed under which they claim conveyed a fee conditional to Nariza C. Branyan, which was conveyed by her after the birth of issue. His Honor, the Circuit Judge, sustained the demurrer.

The following is a copy of the deed:

"Know all men by these presents that I, James Armstrong, of said State and county, for and in consideration of the love and affection which I bear to Nariza C. Branyan, wife of David S. Branyan, and in further consideration of one dollar to me paid by the said Nariza C. Branyan (the receipt whereof is hereby acknowledged), have given, granted and released unto the said Nariza Branyan and to the heirs of her body, reserving to myself and to my wife, Elizabeth Armstrong, during our natural lives the free use and occupancy thereof; all that plantation or tract of land, situated in the county aforesaid, * * * together with all

and singular the rights, members, hereditaments and appurtenances to the same belonging or appertaining. To have and to hold the said tract of land unto the said Nariza C. Branyan during her natural life, and at her death to go equally to her children, should she leave any, and in case the said Nariza C. Branyan should die, leaving no child or children, then said tract of land to go to the legal heirs of the said Nariza C. Branyan, her husband having a life estate should she die first. And further, it is expressly understood the free use and occupancy of said tract of land is reserved to myself and my wife, Elizabeth Armstrong, during our natural lives, and at our death the said Nariza C. Branyon will have the free use and occupancy, rents and profits of said tract of land for and during her natural life, not subject to the debts, contracts or liabilities of her present husband or any future husband and at her death to be disposed of as before directed. And I hereby warrant and defend the said tract of land unto the said Nariza C. Branyan as aforesaid from all other persons claiming by or under me.

"In witness whereof, I have hereunto assigned my name and affixed my seal the eighteenth day of March, 1869. James Armstrong. (Seal.) Signed, sealed and delivered in the presence of E. C. Mosely. G. M. Mattison."

The appellants' attorneys contend that Nariza C. Branyan took under the deed only a life estate, and that her children took as remaindermen. In the first place, their construction of the deed is dependent upon the proposition that the words "heirs of her body" were used in the sense of "children." It was clearly the intention of the grantor, James Armstrong, to convey his entire estate in the land. The words "heirs of her body" cannot be interpreted to mean "children" without defeating such intention, as the word "children," under such circumstances, is not a word of *limitation, and there are no other words of limitation in the deed, by which the children could take the fee in remainder.*

*Williams v. Gause,* 83 S. C. 265, 65 S. E. 241. In cases where the word "children" is used in the sense of "heirs of the body," it is a word of limitation, but when the words "heirs of the body" mean "children," the latter is never a word of limitation. The words "in case the said Nariza C. Branyan should die leaving no child or children, then the said tract of land to go to the legal heirs of the said Nariza C. Branyan," are without force and effect, for the reason that there was a failure of the condition, upon which the "legal heirs" of Nariza C. Branyan were to take, as she did not die without leaving children. Our conclusion is that Nariza C. Branyan took a fee conditional in the land, and that she disposed of the same after the birth of issue, thereby conveying the fee.

This Court is satisfied with the findings of his Honor, the Circuit Judge, that there was no fraud, and that the Court had jurisdiction of the parties.

The case of *Gladden v. Chapman,* 106 S. C. 486, 91 S. E. 796, and *Barfield v. Barnes,* 108 S. C. 1, 93 S. E. 425, show that all other exceptions must be overruled.

Judgment affirmed.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur.

MR. JUSTICE HYDRICK did not sit in this case.