SHEALY v. SHEALY *ET AL.*

(113 S. E. 131)

DEEDS—FEE-SIMPLE ESTATE CONVEYED BY GRANTING CLAUSE CANNOT BE CUT DOWN BY SUBSEQUENT CLAUSES.—Where a fee-simple estate is conveyed by the granting clause of a deed it cannot be cut down by a subsequent clause in the deed.

Before McIVER, J., Newberry, November, 1921. Affirmed.

Action by Thompson L. Shealy against Sallie Endora Shealy *et al.* From decree, all defendants except Sallie Endora Shealy appeal.

The deed referred to in the opinion follows:

"The State of South Carolina, Newberry County.

"Know all men by these presents, that I, Mary J. Shealy, of Newberry County in the State aforesaid, for and in con-

sideration of the sum of fourteen hundred and forty ($1,440) dollars, to me in hand paid at and before the sealing of these present by Thompson L. Shealy of Newberry County in the State aforesaid (the receipt whereof is hereby acknowledged), have granted, bargained, sold, and released, and by these presents do grant, bargain, sell, and release unto the said Thompson L. Shealy, his heirs and assigns forever, subject to the covenants, conditions, terms, and limitations hereinafter set forth, all that tract, parcel or plantation of land lying, being and situate in Newberry County and State of South Carolina, containing forty-eight (48) acres, more or less, and being bounded by lands of Mrs. S. E. Moore, Mrs. Mary J. Shealy, Sidney Derrick, Ed Wise, Pat Wise and possibly others, said lands being more definitely described by plat thereof made by G. A. Mills (surveyor) on the 15th day of August, 1912. Together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging, or in anywise incident or appertaining. To have and to hold, all and singular, the said premises before mentioned unto the said Thompson L. Shealy, for and during the term of his natural life, and at his death to vest in fee simple to the heirs at law of the said Thompson L. Shealy and their heirs and assigns forever.

"And I do hereby bind myself and my heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said Thompson L. Shealy, his heirs and assigns, against me and my heirs and all persons lawfully claiming or to claim the same, or any part thereof.

"Witness my hand and seal this 17th day of August, in the year of our Lord, 1912, and in the 137th year of the sovereignty and independence of the United States of America.

                              "Mary J. Shealy.  (L. S.)
"Signed, sealed and delivered in the presence of
     "E. L. Shealy.
     "Olin O. Shealy."

The Circuit Judge's decree follows:

"This is an action brought by the plaintiff to have a deed which was given to him by Mary J. Shealy on August 17, 1912, construed. The wife of the plaintiff, Sallie Endora Shealy, and all of his children are made parties defendant, and were properly served with the summons and complaint. All of said children are minors and are represented by J. B. Hunter, Esq., as their guardian *ad litem,* who has been properly appointed as such. The plaintiff contends that said deed conveys a fee-simple title, and he is joined in this contention by his wife, Sallie Endora Shealy, one of the defendants. The guardian *ad litem,* on behalf of the infants defendants, contends that the deed conveys a life estate to the plaintiff with a remainder to them. The matter was fully presented by the attorneys on both sides. After giving the matter due consideration, I am satisfied that the said deed conveys a fee simple to the plaintiff, Thompson L. Shealy. By the granting clause of the deed it conveys to 'Thomas L. Shealy, his heirs, and assigns forever, subject to the covenants, conditions, terms, and limitations hereinafter set forth' the tract of land described therein. This clause contains the apt words to convey a fee simple, and I hold that such was conveyed thereby and that nothing in the deed thereafter can change or cut down the estate so conveyed. If this position is incorrect and under the law where the apt words are used in the granting clauses to convey a fee-simple, the *habendum* clause can cut the said estate down, then I still hold that this deed, under the *habendum* clause, also conveys a fee-simple estate. The *habendum* of this deed conveys the land to 'Thompson L. Shealy for and during the term of his natural life and at his death to vest in fee simple to the heirs at law of the said Thompson L. Shealy and their

heirs and assigns forever.' Under the rule in Shelley's case, this would convey a fee-simple estate to Thompson L. Shealy as it is limited to him for life, then to his heirs at law. It is contended by the attorneys for the guardian *ad litem* that the superadded words 'their heirs and assigns forever' has the effect of making the words 'heirs at law' mean children, and thus the rule in Shelley's case would not apply. I do not think that this is the proper construction, but said superadded words are mere surplusage and cannot prevent the words 'heirs at law' from having their technical meaning. So, I hold that, if we do not consider the granting clause as governing this quality of the estate conveyed, but look to the *habendum* clause for this purpose, that the deed still conveys a fee-simple estate to Thompson L. Shealy.

"It is therefore ordered that the said deed be, and the same is, hereby declared to convey a fee-simple estate to the said Thompson L. Shealy."

*Messrs. Hunt, Hunt & Hunter,* for appellant, cite: *Intention must be ascertained, and effect given to such intention if not in violation of any settled rule of law*: 102 S. C., 242; 107 S. E., 914. *Whole instrument must be construed and effect given to all of it if possible*: 42 S. C., 342; 102 S. C., 242. *Apparent repugnancies must be reconciled if possible*: 14 Rich. Eq. 271. *Words in granting clause repugnant to those in habendum must be eliminated*: 107 S. E., 916. *To carry out intention "heirs at law" in habendum should read "children"*: 3 Rich. Eq. 156; McMull. Eq. 236; 36 S. C., 44.

*Mr. E. J. Green,* for respondent, cites: *Habendum cannot cut down estate granted*: 17 S. C., 532; 52 S. C., 554; 67 S. C., 130; 67 S. C., 118; 83 S. C., 265; 91 S. C., 59; 102 S. C., 227; 106 S. C., 304. *Estate granted appears in habendum*: 1 Rich. L. 404; 27 S. C., 479; 109 S. C., 58; 76 S. C., 36; 95 S. C., 32; 48 S. C., 316; 11 S. C., 71. *First taker takes the fee*: Tid. Real Prop. 433; 84 S. W., 857; 44 S. W., 399;

27 N. C., 111. *Extent to which intention can control*: 106 S. C., 346.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for construction of a deed. The deed with the circuit decree will be reported.

So much of the decree as adjudges that, by the granting clause, a fee-simple estate is conveyed to Thompson L. Shealy, which cannot be cut down by subsequent clauses of the deed, is affirmed. *Glenn v. Jamison*: 48 S. C., 316; 26 S. E., 677. *Adams v. Verner*: 102 S. C., 7; 86 S. E., 211. The application of the rule in Shelley's case to the *habendum* clause need not be considered.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.