MYRICK *ET AL.* v. LEWIS *ET AL.*

(138 S. E., 198)

1. DEEDS—PAYMENT OF CONSIDERATION, IN DEED RECITING OBLIGATION FOR PAYMENT THEREOF WAS RECEIVED, HELD NOT CONDITION PRECEDENT TO VESTING OF TITLE.—Where deed, conveying property in consideration of $300 to be paid after grantor's death and death of wife, recited that obligations for payment of such sum were received before execution of instrument, payment of amount named as consideration was not necessary condition to vesting of title in grantee.

2. ABATEMENT AND REVIVAL—GRANTOR'S CASE OF ACTION TO RECOVER CONSIDERATION NAMED IN DEED SURVIVED IN FAVOR OF PERSONAL REPRESENTATIVE.—Cause of action of grantor to recover certain sum named as consideration for deed survived in favor of his personal representative, and not his heirs at law.

Before MANN, J., Allendale, April, 1926. Reversed.

Action by W. W. Myrick and others against Mrs. Janie C. Lewis and another. Judgment for plaintiffs, and defendants appeal. Reversed and complaint dismissed.

*Mr. E. H. Henderson,* for appellants, cites: *Doctrine of vendor's lien for purchase money, not recognized in this State:* 58 S. C., 134. *In absence of express contract, tendency is to limit rather than extend doctrine of constructive*

*liens:* 37 C. J., 315, 320; 129 S. C., 24. *Consideration named in deed does not constitute a condition; nonpayment does not defeat title:* 102 S. C., 316; 108 S. C., 282; 58 S. C., 135; 18 C. J., 168; 75 S. C., 432; 65 S. C., 256. *An "obligation" in its primary sense is a sealed instrument or a bond:* 29 Cyc., 1310. *Failure of plaintiff to produce instrument of indebtedness bars recovery of same:* 8 C. J., 808; 30 Cyc., 1222; 4 Rich., 59.

*Messrs. R. C. Holman* and *Thos. M. Boulware* for respondents.

May 23, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action by the plaintiffs, as heirs at law of William B. Williams, against the defendants, who are also heirs at law of the same person and also of J. Robert Williams, a son of William B. Williams, for the partition among all parties, as tenants in common, of a tract of land containing 50 acres; failing in this, that the 50 acres in the possession of the defendants, as heirs at law of J. Robert Williams, be impressed with a trust or charge of $300, the consideration of the deed from William B. Williams to J. Robert Williams, as will be fully explained.

On November 3, 1883, William B. Williams executed and delivered to his son, J. Robert Williams, a deed in fee simple to the 50-acre tract in question, reserving a life estate to himself and his wife. The premises of the deed contain this statement:

"For and in consideration of the sum of $300.00 to be paid to my heirs, executors, or administrators after my death and after the death of my wife, the obligations for the payment of said sum being received before the sealing and delivery of these presents, have granted," etc.

William B. Williams died "about 30 years ago" (about 1896), having been with his wife in possession of the tract

of land since the date of the deed. She continued in possession after the death of William B. Williams until her death in July, 1925. William B. Williams was survived by his wife and four children, Perry, J. Robert, Jane Myrick, and Ann Myrick. The plaintiffs are the heirs at law of these children, with the exception of J. Robert Williams.

J. Robert Williams, the grantee in the deed referred to above, died in January, 1916, prior to the death of the surviving life tenant, his mother, the widow of William B. Williams, in 1925. He, it appears, was survived by a daughter, the defendant Janie C. Lewis, and a granddaughter, Rowley Williams, his only heirs at law, who went into possession of the tract of land upon the death of their grandmother, widow of William B. Williams, in 1925. It is conceded that the $300.00 consideration named in the deed has not been paid by either the personal representative of J. Robert Williams or by his heirs at law. It does not appear that the obligations for the $300, referred to in the deed as having been delivered to William B. Williams, have been discovered or accounted for.

On December 4, 1925, the present action was instituted by the plaintiffs, as heirs at law of William B. Williams (other than the defendants), against the defendants, who, as stated, are heirs at law of both William B. Williams and J. Robert Williams. The plaintiffs claim that the deed from William B. Williams to J. Robert Williams never operated as either a deed or a will (though they give no definite reason why it did not operate as a deed), and that consequently the plaintiffs and the defendants are tenants in common in the 50-acre tract, and that partition should be made. (This phase of the case appears to have been disregarded in the prosecution of the litigation.) The plaintiffs further claim, in the event that the deed should be held valid, that, the $300.00 consideration named in the deed not having been paid, the defendants are due the plaintiffs that amount, with interest from the death of the widow, Mary

A. Williams, and that to secure the payment thereof the plaintiffs have a lien upon the premises.

The defendants answered, admitting certain formal allegations of the complaint, but denying that the plaintiffs are entitled either to partition or to lien upon the premises for the $300.00.

The case was heard by his Honor, Judge Mann, upon an agreed statement setting out the facts substantially as above detailed. On April 29, 1926, he filed a decree, sustaining the claim of the plaintiffs to a lien upon the land for the $300.00, and directing that the defendants pay the same, with interest from July 31, 1925, the date of the death of the widow, Mary A. Williams, within 30 days from the notice of the decree, or that the plaintiffs have leave to apply to the Court "for an order of sale of the land for said purposes." From this order the defendants have appealed.

We see absolutely nothing in the deed which expresess or implies, as a condition to the vesting of the title in J. Robert Williams, the payment of the $300.00 named as the consideration of the deed. In fact, the deed shows upon its face that William B. Williams had accepted from J. Robert Williams "the obligations for the payment of said sum" before the execution and delivery of the deed, and then, upon the faith of these obligations, conveyed the title.

In *Lavender v. Daniel,* 58 S. C., 125; 36 S. E., 546, the Court said:

"If a person buys land on a credit, and enters into an agreement, whether by note, bond, or otherwise, to pay a stipulated sum as the purchase money thereof at a specified time, and fails to perform such an agreement, it never was supposed that he thereby forfeited his title to the land, *or even that the land,* in the absence of any mortgage, *became impressed with any lien,* for it is settled by at least three cases in this State that the doctrine of the vendor's

lien for the purchase money, which prevails in England, never was recognized in this State."

In *Tedder v. Tedder,* 108 S. C., 271; 94 S. E., 19; 2 A. L. R., 438, the Court said:

"But if A. should convey to B. a parcel of land, upon consideration of B.'s promise to lift a mortgage debt which A. had aforetime put on it, then B.'s failure to pay would be no ground for A. or his assigns to have the deed canceled."

See, also, 18 C. J., 168.

If, then, the payment of the consideration cannot be considered a condition precedent to the vesting of the title, it follows that all that William B. Williams retained, outside, of course, of the life estates, was a claim against J. Robert Williams for the $300.00, with interest from the death of Mary A. Williams, a cause of action which survived in favor of his personal representative, and not his heirs at law. There is nothing in the case which suggests the existence of a lien upon the land to enforce this obligation. The procedure necessary to enforce this obligation has not been considered; it is sufficient for this appeal to declare that the payment of the consideration was not a condition to the vesting of the fee-simple title in J. Robert Williams, and that there exists no lien upon the land by which the payment of the $300.00 can be enforced.

The judgment of this Court is that the judgment of the Circuit Court be reversed and that the complaint be dismissed.

MESSRS. JUSTICES BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE WATTS (dissenting): For the reasons assigned by his Honor, Judge Mann,[1] I think that the judgment of the Circuit Court should be affirmed.

---

[1] This is an action brought by the plaintiffs under a deed executed by W. B. Williams to J. Robert Williams, dated November 3, 1883; the

deed being fully set forth in the complaint. The plaintiffs seek to have the premises described in the complaint partitioned, and ask for equitable relief as follows: That the title to the premises be declared subject to the payment of three hundred dollars ($300.00), with interest from the death of the grantor's wife, Mrs. Mary A. Williams, who died in July, 1925. The deed contains a provision that the grantor and his wife should hold, use and enjoy the premises during their natural lives and during the natural life of the survivor of them, and upon the death of the survivor, then to the said J. Robert Williams, as aforesaid, forever.

The consideration named in the deed is set forth in the following language: "In consideration of the sum of three hundred dollars ($300.00), to be paid to my heirs, executors or administrators after my death, and after the death of my wife, the obligation for the payment of said sum being received before the sale and delivery of these presents." The grantor predeceased his wife.

The case was heard before me upon an agreed statement of facts; it being agreed that the parties to the action are the only heirs at law of William B. Williams deceased. It is clear to my mind that it was the intention of the grantor, acquiesced in by the grantee, J. Robert Williams, that the consideration named in the deed should constitute a specific charge upon the title to the land and a necessary condition to be performed before the title could be perfected by being freed from this condition. In good conscience and equity, I think no other conclusion could be reached. I, therefore, hold that such is the case.

It is, therefore, ordered that the defendants, Mrs. Janie C. Lewis and little Miss Rowley Williams, who are the only heirs of J. Robert Williams, do pay to the plaintiffs the sum of three hundred dollars ($300.00) with interest at the rate of 7 per cent. from July 31, 1925, to the date of payment, this payment to be made within 30 days from the date of notice of this order; that upon the failure on the part of the defendants to comply with this order, on or before the date above specified, then the plaintiffs shall have, and they are hereby, granted leave to apply to this Court for an order of sale of the said lands for said purposes.

Let the costs of this action be paid by the defendants.