SPICER v. KIMES et al.—156 S. W. (2d), 334.

. COPELAND v. SIDWELL et al.—156 S. W. (2d), 334.

SIDWELL et al. v. COPELAND et al.—156 S. W. (2d), 334.

Middle Section.   August 2, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

George C. Bertram, of Byrdstown, for appellant Mrs. Copeland.
Tony Maxey and Reneau & Reneau, all of Celina, for appellees.

CROWNOVER, P. J.   These three causes were consolidated in the Chancery Court, as the same property is involved in each suit.

The original bill in the first named cause was filed by the complainant Mrs. Spicer (afterward Mrs. Copeland) for the construction of the will of A. M. Kimes, deceased; for a declaratory judgment,

declaring the rights and interests of the legatees and devisees under the will; and for an injunction to prevent waste and for a decree for damages for waste.

Mrs. Spicer, the complainant, contended that she was devised, under the will, the remainder estate in A. M. Kimes' property after the death of Mrs. Kimes.

The will of A. M. Kimes is as follows:

"Last Will and Testament of A. M. Kimes.

"I, A. M. Kimes of the 4th. civil district of Clay County, Tennessee, do make and publish this as my last will and testament,

"First: I direct that my funeral expenses and my debts be paid as soon after my death as possible out of any moneys that I may die possessed of or may first come into the hands of my executor.

"Secondly: I give and bequeath to my wife, S. P. Kimes, all of my real estate, consisting of 4 tracts of land all being in Clay County, Tenn. 1st, tract, being the tract upon which we now live lying on Ashborns Creek and bounded on the North by Moredock, West by Thrasher, on the South by Heard heirs, East by Ashborns Creek,

"2nd. tract, bounded on the North by Nolans, on the West by Widow More tract, on the South by Rosco Melton, on the East by Bill Huffer,

"3rd, tract, bounded on the North by Melton and Cyphers, on the West by Cyphers, on the South by Sidewell heirs, on the East by Maxfield,

"4th, tract, bounded on the North by Tom Melton, on the West by Ash Thicket road, on the South by George Cyphers, on East by Melton, and for further reference to all four of the above tracts, reference is here made to deeds I have to same. The home tract lying on Ashborns Creek not to be sold unless it be in the case of necessity, or in exchange for other lands and then, in that case my wife S. P. Kimes may sell said tract, and if not so sold as above stated, said land at the death of my wife S. P. Kimes is to go to and belong to Ina Belle Hutchison the girl we raised and to her bodily heirs only and not to be sold.

"Thirdly: I direct that my wife S. P. Kimes have all of my personal property after all of my debts is paid as above stated and I direct that my wife S. P. Kimes collect all debts owing to me of every kind and make any disposition of the same that see fit and if there be any left at her death the same is to go to Ina Belle Mabell Hutchison the girl we raised and I hereby nominate and appoint my wife S. P. Kimes, my executor of this will which is to remain in full force so long as she is my widow.

"Dated this the 9 day of Jan. 1915.

"A. M. Kimes

"Signed in presence of us.

"A. A. Stanford

"L. L. Maxfield"

Mrs. S. P. Kimes, the widow of A. M. Kimes, filed a demurrer and an answer alleging: (1) That she took a fee simple title, under the will, to all the property. (2) That the title to all the real property, except a 2-acre tract, had been held by A. M. Kimes and herself as tenants by the entireties, therefore she took title by survivorship and not under the will, except as to the 2-acre tract, to which she took a fee simple title under the will. And she alleged that she was the sole owner of all the estate of A. M. Kimes, deceased.

Mrs. Kimes died on July 26, 1939.

Some time later an original bill was filed suggesting her death and the cause was revived against her heirs at law.

The complainant, in 1940, filed an amended bill, alleging that the deeds under which Mrs. Kimes claimed title to two tracts of the land, of 300 acres and 430 acres, were void for the following reasons: The lands were sold by the Court and purchased by A. M. Kimes, and decrees were entered vesting title in him. Some time later he requested the Court to order deeds made to himself and wife, which was done. It is contended that the fee simple titles were in A. M. Kimes, and the deeds, made at other terms of the court, were void. It is charged in the amended bill that Mrs. S. P. Kimes had executed a deed conveying all said lands to her two brothers, Cullom Sidwell and J. E. Sidwell, for the consideration of $10 and love and affection; and that said deed was executed for the purpose of defeating complainant's claim to said lands; and that Mrs. Kimes was estopped from claiming that complainant had no interest in the property by reason of having recognized her interest in a law suit involving a right of way through the property. It was prayed that the deeds to Kimes and wife be declared void as clouds upon the complainant's title and set aside, and that the deed from Mrs. Kimes to the Sidwells be cancelled and set aside as a fraud upon her.

The defendants Sidwell answered and denied that the complainant had any title to the property. They pleaded estoppel, in that A. M. Kimes asked the County Court, and caused it, to make deeds to him and his wife as tenants by the entireties. They also pleaded the statutes of seven and thirty years' adverse possession and laches.

Later the Sidwells filed a bill to enjoin Mrs. Copeland from cutting timber on the land. She answered, admitted that she had cut timber, and insisted that she had a right to do so as she was the owner of the land.

Later Mrs. Billie Copeland filed an answer as a cross-bill and attacked the deed from Mrs. Kimes to the Sidewells, alleging that it was fraudulent and void, and that it was made for the purpose of defeating her rights in the property, and that the consideration was so inadequate as to shock the conscience of the court.

The Sidwells answered that Mrs. Kimes claimed under the deeds and not under the will, and therefore the consideration stated in the deed was immaterial.

The Chancellor found and decreed that A. M. Kimes and Mrs. S. P. Kimes held all said lands except the 2-acre tract as tenants by the entireties; that the complainant could not attack said deeds executed and registered in 1906; that the will of A. M. Kimes devised to Mrs. S. P. Kimes a fee simple title to the 2-acre tract of land and bequeathed all the personal estate to her; that the deed to the Sidwells was valid; and he dismissed the complainant's bill and cross-bill at her cost.

He sustained the complainants Sidwell's bill against Mrs. Copeland to enjoin her from cutting timber on said lands and made the injunction perpetual.

Mrs. Copeland excepted to said decree and appealed to this court and has assigned errors, which raise the following determinative questions: (1) Are the Court deeds, of 1906, to Mr. and Mrs. Kimes, valid, and is Mrs. Copeland estopped to attack said deeds? (2) Did Mrs. Kimes take a fee simple title to the 2-acre tract under the will?

A. M. Kimes and wife, Mrs. S. P. Kimes, took the complainant, Ina Bell Hutchison, to raise, in 1902, when she was about 8 months old. She lived with them until she was married in 1915, but was never legally adopted.

A. M. Kimes died testate, in Clay County, on March 22, 1915. He was survived by his widow, Mrs. S. P. Kimes. They had no children.

A. M. Kimes was the owner, at the time of his death, of four tracts of land:

(a) The Ashburn Creek tract, or home tract, of 300 acres, was sold to him at a County Court sale by the County Court Clerk, in the case of W. B. Stewart et al. v. Celia J. Stewart et al., on December 14, 1901; and at the January Term, 1902, a decree was entered confirming the sale and divesting the title out of Stewart et al. and vesting it in A. M. Kimes.

At the September Term, 1906, A. M. Kimes and his attorney appeared in court and asked the court for an order directing the Clerk to execute a deed conveying this tract to him and his wife. An order was accordingly entered and a deed to them was executed by O. B. Maxey, Clerk, on September 5, 1906.

(b) A 50-acre tract was conveyed to A. M. Kimes and wife, S. P. F. Kimes, by Samuel S. Maxfield, on February 15, 1885.

(c) A 430-acre tract was sold to him at a County Court sale, by the County Court Clerk, in the cause of M. C. Sidwell, Admr. v. J. M. Sidwell et al., on February 5, 1898. The sale was confirmed at the March Term, 1898, and title was divested out of the Maxfield heirs and vested in the purchasers.

At the instance of A. M. Kimes, a decree was entered on the minutes, at the September Term, 1906, ordering that deed to said

land be made to A. M. Kimes and wife, S. P. Kimes, and a deed to them was executed by O. B. Maxey, Clerk, on September 5, 1906.

(d) A 2-acre tract, the title to which was in A. M. Kimes, who devised the same to her in fee simple.

The appellees filed in this court a motion to strike the appellant's assignments of errors on the ground that they do not conform to subsection 2 of Rule No. 11 of this Court, in that the assignments are not specific and do not cite the pages of the record and authorities sustaining their propositions.

After reading the assignments of errors and brief we are of the opinion that said motion should be overruled. While the assignments should have been more specific, and more references made to the record, yet we think that they are sufficient to inform us of the contentions.

The County Court divested and vested title in A. M. Kimes, which gave him the title. Code, secs. 10114, 10594, 10596. But before the deeds were executed by the Clerk, Kimes appeared in Court and asked the Court to make an order directing the Clerk to execute deeds to him and his wife, which order was entered on the minutes, and the deeds were so executed by the Clerk. This procedure vested title in Kimes and his wife as tenants by the entireties.

A purchaser at a court sale may transfer in good faith such interest as he acquired under his purchase, and no registration of such transfer is required. Kelly v. Thompson, 49 Tenn. (2 Heisk.), 278.

And the deed will be made directly to the assignee and pass the title to him. 35 C. J., 93, sec. 147; 1 Devlin on Real Estate (3 Ed.), 743, sec. 422; Hawkins v. Spicer, 20 Tenn. App., 528, 101 S. W. (2d), 151.

"The purchaser of land at a sheriff's sale may, before he takes the sheriff's deed, make an assignment of his equitable interest by an informal writing, without registration, so as to entitle the assignee to demand a conveyance of the legal title from the sheriff; and the sheriff may make a deed to such assignee, by reciting the assignment, which cannot be questioned by third parties. Trotter v. Nelson, 31 Tenn. (1 Swan), 7; Anderson v. Clark['s Heirs' Lessee], 32 Tenn. (2 Swan), 156; Wood v. Chilcoat, 41 Tenn. (1 Cold.), 423." 5 Williams Code, p. 225.

"The accepted bidder may, in a proper case, assign his bid and procure an order from the court discharging him from his contract and substituting the assignee in his stead. A purchaser who, subsequent to confirmation but prior to the execution of a deed, assigns or conveys the property, is estopped to assert title under a deed subsequently issued to him pursuant to the order of confirmation." 31 Am. Jur., 481, sec. 151.

The highest bidder at a court sale may assign his bid and request

the court to make deed to his assignee, in which event he is estopped to deny the latter's title. 31 Am. Jur., 481, sec. 151.

Where one recognizes another's title or is instrumental in another's acquiring title he is estopped to afterwards deny that title. 21 C. J., 1238, sec. 244.

"Parties are bound, and even estopped, by their solemn admissions of record, either in the pleadings or otherwise." House v. Wakefield, 2 Cold., 325.

A reservation in a deed of conveyance to others of a life estate for the grantor and his wife operates as a conveyance of a life estate to the wife. McRoberts v. Copeland, 85 Tenn., 211, 2 S. W., 33.

The privies of a grantor or grantee are estopped to the same extent as the original parties to the deed. 21 C. J., 107, sec. 104.

The complainant, being a devisee under Kimes' will is likewise estopped.

It results that we hold that Mrs. Kimes was a tenant by the entireties of the three tracts, and as survivor she had the fee simple title, and Kimes had no title that he might devise to others. She did not claim under the will, therefore the will had no effect on her title. Walker v. Bobbitt, 114 Tenn., 700, 88 S. W., 327.

Much contention has been raised as to the validity of a deed of Mrs. Kimes' conveying said lands to the Sidwells, it being insisted that the consideration was so grossly inadequate as to render the deed fraudulent and void and that the conveyance was made for the purpose of defrauding the complainant. This contention has become immaterial since we have held that Mrs. Kimes had the fee simple title to the lands, and as such owner had a right to convey them for any consideration she wished. Her motives for making the conveyance are also immaterial and do not affect the transaction.

Mrs. Kimes took a fee simple title in the 2-acre tract under said will, as there is no question about any item of the will except as to the 300-acre tract in which A. M. Kimes attempted to devise the remainder interest to the complainant. Clearly that clause of the will applied only to the 300-acre tract.

It results that all the assignments of errors are overruled and the decree of the Chancellor is affirmed.

The costs of the cause including the costs of the appeal are decreed against the complainant Mrs. Billie Copeland.

Felts and Howell, JJ., concur.