16617

GLASGOW v. GLASGOW
(70 S. E. (2d) 432)

*Messrs. Richardson & Richardson,* of Conway, *for Appellant,* cite:

*Messrs. Suggs & McCutcheon,* of Conway, *for Respondent,* cite:

April 8, 1952.

STUKES, Justice.

This lawsuit is between mother and son, in whom love of the land must outweigh every other natural instinct and sentiment. According to the complaint, their husband and father, respectively, conveyed by general warranty deed, dated and delivered March 8, 1943, two tracts aggregating 150 acres in Horry County, which he owned. The opening paragraph of the deed, which contains the granting clause, is here copied:

"Know all men by these presents, that I, Robert B. Glasgow, of the County of Horry in the State aforesaid for and in consideration of the sum of Five ($5.00) Dollars and the love and affection which I bear for my son, Robert B. Glasgow, Jr., to me in hand paid at and before the sealing of these presents by Robert B. Glasgow, Jr., of Horry County, in the State aforesaid, (receipt whereof is hereby acknowledged) have granted, bargained, sold and released; and by

these presents do grant, bargain, sell and release unto the said Robert B. Glasgow, Jr., his heirs and assigns forever, saving, excepting, and reserving unto the Grantor herein, Robert B. Glasgow, and Mrs. Elizabeth Glasgow, the use, occupancy, and possession of the property hereinafter described, for and during their natural lives and the natural life of each of them."

The deed, which is thenceforward usual in form, thereafter contains in customary sequence: description of the land; regular habendum and general warranty clauses,— to Robert B. Glasgow, Jr., his heirs and assigns; attestation; execution by mark; probate; and renunciation of dower by the wife of the grantor, who is the plaintiff in this action.

The fourth paragraph of the complaint follows:

"That under and by virtue of the terms of the deed aforesaid, which also contains a covenant to stand seized to uses, the plaintiff is the owner of a life estate in the real property therein described, and that upon the death of the said Robert B. Glasgow (in 1946) she became, and now is, the sole life tenant of the premises with exclusive right to the possession thereof, with remainder in fee simple to the defendant. But the plaintiff further alleges that the defendant wrongfully and unlawfully denies her claim to a life estate under the deed aforesaid, and hence wrongfully and unlawfully withholds the possession of the premises from her."

The prayer of the complaint is for declaratory judgment construing the deed favorably to plaintiff and for further appropriate relief.

Demurrer to the complaint was sustained and it was held that plaintiff, who is now appellant, does not have a life estate in the land for two principal reasons, and another which was stated but not discussed: First, it was said, because the reservation or exception of life estates to the grantor and his wife following the granting of the fee simple title to the son which latter could not be cut down or qualified by superadded words, either in the granting clause or in

the habendum. For this conclusion the following decisions were cited: *Ex parte Yown,* 17 S. C. 532; *Glenn v. Jamison,* 48 S. C. 316, 26 S. E. 677; *Shealy v. Shealy,* 120 S. C. 276, 113 S. E. 131; *Antley v. Antley,* 132 S. C. 306, 128 S. E. 31; *Groce v. Southern Ry. Co.,* 164 S. C. 427, 162 S. E. 426; and *Keels v. Crosswell,* 180 S. C. 63, 185 S. E. 39. *Wilson v. Poston,* 129 S. C. 345, 123 S. E. 849, was also cited as authority for the conclusion that however plainly the intention of the grantor may be indicated, it cannot be allowed to contravene an established rule of construction.

Examination of the cited cases shows that they are not conclusive of this. The facts of each of them were quite different from that of the comparatively simple deed which is now under construction. They were concerned with attempted limitations or conditions upon the estates granted, not reservations or exceptions from the grants, as here. No further differentiation is required except that it may be pointed out that the *Yown case* is further distinguishable upon its very peculiar facts. The grantee, widow of the deceased intestate former owner, already owned by inheritance an undivided one-third interest in the property of which only one-sixth in value was conveyed to her by the other heirs in intended compliance with an antecedent family agreement for partition. The decision dealt mainly with a breach of condition by the other heirs, who were the grantors in the deed, whereby they forfeited remainders under its terms. The undoubted intention of the parties to the deed (expressed also in the prior agreement for partition) was effected by the court's construction. The latter also may be said of *Wilson v. Poston* which, in so far as it is applicable, is authority for reversal of the order which it was mistakenly cited to sustain.

No case was cited involving a deed of comparably simple form to that in hand, which is merely the reservation or exception of life estates, and *that* in the forepart of the deed—the premises or granting clause. The latter feature is of importance as is seen by reference

to some of the decisions which have been cited and many others in our reports. See S. C. cases in 12 South Eastern Digest, Deeds Par. 97, entitled, "In case of conflict between two provisions in a deed, the last should yield to the first, and the first be given its full effect." See also, 16 Am. Jur. 566, *et seq.,* Deeds, secs. 232, 234; and 26 C. J. S., Deeds, § 128, page 429.

It may be fairly said that it is difficult to conceive how the grantor's manifest intention to make the reservation or exception could have been more plainly demonstrated than by the clear statement of it in the granting clause of the deed. Perhaps it may have been again added after either the habendum or the warranty, or both, but it would have been needless repetition, in view of the cited rules of construction. The draftsman evidently knew the importance of putting it where he did—in the granting clause.

Besides the importance of placing it first in the deed, which has been mentioned, if the deed were self-contradictory in meaning, as conceived by the trial court, there would also be called into play the long-settled and frequently applied further rule of construction that in case of conflict between granting clause and habendum, the former prevails. There is a series of annotations upon the subject in 84 A. L. R. 1054, 111 A. L. R. 1078 and 131 A. L. R. 1239 which follow the comment-rule first stated in 84 A. L. R. 1054 that it is universally conceded that when the estates given in the granting clause and the habendum of a deed are so repugnant to each other as not to be susceptible of any reasonable reconciliation, the granting clause will control and the habendum will be rejected as void. Supporting cases from the courts of this State cited in the several annotations are: *Porter v. Ingram,* Harp. 492; *Ingram v. Porter,* 4 McCord, 198; *Shealy v. Shealy, supra,* 120 S. C. 276, 113 S. E. 131; *Rhodes v. Black,* 170 S. C. 193, 170 S. E. 158; *Hewitt v. Hewitt,* 187 S. C. 86, 196 S. E. 541; and *Sims v. Clayton,* 193 S. C. 98, 7 S. E. (2d) 724.

What has been said with respect to the propriety of the placement of the reservation in the instant deed is supported generally by pertinent decisions in other jurisdictions which are cited in the footnotes to the following text quotations. The first is from 16 Am. Jur. 612, Deeds, sec. 305:

"Anciently, exceptions seem to have been inserted in the premises of a deed just before the habendum clause. It is not, however, necessary that exceptions appear in this position. It is said that a reservation may be inserted in any part of the deed. The view has been taken that the position ordinarily occupied by the reddendum clause may be used to effect a reservation of an estate in land previously granted, or it may be used for excepting a severable thing from the premises granted, and that in whatever part the clause appears, the deed will be construed to give effect thereto, if possible, as well as to the granting clause. However, there is authority to the effect that where no exception is made in the granting clause of a deed, an exception in the habendum clause is ineffective."

It is said more briefly and pointedly in 26 C. J. S., Deeds, § 138 (a), page 444, in part, as follows: "Where not repugnant to the grant, a reservation or exception may appear in any part of the deed. However, the reservation or exception must be to the grant, not to some other provision in the deed; * * *."

Cases from this court of controlling similarity to this are *Cribb v. Rogers*, 12 S. C. 564, and *Senterfeit v. Shealey*, 71 S. C. 259, 51 S. E. 142. In the former, the deed under construction was as follows: "I, Dempsey Cribb, of the county and state aforesaid, for and in consideration of the love, good-will and natural affection, which I have and bear to Margaret Lewis (stepdaughter of the grantor) have given, granted and conveyed, and by these presents do give, grant, release, convey and deliver to the said Margaret Lewis a certain tract, piece or parcel of land, containing four hundred and sixty-seven acres, more or less, reserving for myself the use of said lands during my natural life only, said lands

being situated," etc. Then follows the description of the lands conveyed "to the said Margaret Lewis, her heirs and assigns forever." The deed concludes with a general covenant of warranty, and was duly executed and attested. The court held that the deed validly reserved a life estate to the grantor, and said: "The only question affecting the validity and operation of the deed, as sufficient to pass a fee in the lands conveyed, arises out of the words, 'reserving for myself the use of said lands during my natural life only.' The fact that the usufruct is separated from the fee is not inconsistent with the vesting of the fee. The grantor may convey the fee to one and the usufruct to another; hence the reservation of the usufruct to himself violates no rule governing the vesting of the fee. The grantee takes the fee, burdened with a use in favor of the grantor for his natural life."

The deed in the *Senterfeit case* is quoted in full in 71 S. C. at page 261, 51 S. E. 142. There was no habendum clause and it may be said to have consisted entirely of "premises." The grant was to the grantee and his heirs and assigns forever, followed by the description of the land, and the following clause: "excepting a lifetime claim in said land to Sarah Shealy, widow of said Andrew Shealy, deceased." It was unequivocally construed to reserve a life estate to the widow, who joined in the execution of the deed, with remainder in fee to the grantee.

*Cribb v. Rogers* was cited approvingly in *Sumner v. Harrison,* 54 S. C. 353, 363, 32 S. E. 572, opinion by Chief Justice McIver; in *Cook v. Cooper,* 59 S. C. 560, 38 S. E. 218; and in *Steele v. Smith,* 84 S. C. 464, 66 S. E. 200, 29 L. R. A., N. S., 939.

The accurate first syllabus of the report of *Merck v. Merck,* 83 S. C. 329, 65 S. E. 347, is as follows: "A deed in the usual warranty form, except after the description of the property is this sentence, 'this deed is not to go into effect until after my death,' conveys a fee to grantee with reservation of life estate to grantor."

Other decisions of some similarity and like result may be found in Vol. 8 of the new West's South Carolina Digest, Deeds, Exceptions and Reservations, Par. 138 *et seq.,* page 180 *et seq.* A late case cited by respondent, *Creswell v. Bank of Greenwood,* 210 S. C. 47, 41 S. E. (2d) 393, is not in conflict, as will be seen from a reading of it. Repugnant limitations were attempted by the insertion of clauses after, and in conflict with, the regular habendum of a deed in fee simple.

Consideration of the cited authorities is convincing that the first ground of the decision under review was erroneous, and it cannot be sustained. We have just decided a case of some similarity to this although it was the construction of a will, not a deed. *Rogers v. Rogers,* S. C., — S. E. (2d) —. It is of present interest because it was principally concerned with the ascertainment and effectuation of the intent of the maker.

Secondly, and of more gravity, it was held that the reservation or exception of a life estate to the appellant was void and ineffective because she had no former interest in the premises and was a stranger to the deed, except that she did renounce dower. The deed was also held not to be a covenant to stand seized for the use of plaintiff for life. No authority was cited for either of the two last stated conclusions and we think that the first is clearly untenable; possibly also the last, which it is unnecessary to decide. We shall fully discuss the first, which appears to be of novel impression in this court.

The problem is interestingly annotated in 129 A. L. R. 310, following report of the leading case of *Saunders v. Saunders,* 373 Ill. 302, 26 N. E. (2d) 126, 129, 129 A. L. R. 306. In that case deed substantially like that before us was held effective to vest in the surviving husband of the owner an estate for life in the property which was conveyed by the deed, in remainder in fee to two sons of the parents who joined in the execution of the deed. The conclusion

was reached upon consideration of the interests of husband or wife in the real estate of the other; and the gist of the decision was expressed in the following excerpt from the opinion: "We see nothing inconsistent, in view of the rights which husband and wife have or may acquire in each other's property, in holding that they, together, have sufficient interest in the property to support a reservation of a life estate to both, without express words of grant from the one holding the legal title."

In our case, the wife, here life estate claimant, had an inchoate right of dower in the land, a homestead right and an expectancy of inheritance from her husband if she survived him, which she did (and she was legally dependent upon him for support). She was, therefore, not a stranger to the title; and she renounced dower, so was neither a stranger to the deed. These considerations should, we think, be held to support the reservation of a life estate to her.

Undoubtedly, the rule which was applied by the lower court, that a life estate may not be reserved to, or excepted in favor of, a stranger is long established and logical, annotation, 39 A. L. R. 128, but a very generally recognized exception to the rule, in England and in the United States, is that such may be done in favor of a spouse of the grantor. Cases of this result reach it upon various considerations, under the separate headings of which they are set forth in the above annotation in A. L. R. There is no need to definitize the case in hand by determining under which head it best comes; for the purpose of the decision of it, it is sufficient to say that the conclusion of the validity of the life estate of the appellant is sustained by one or more of the theories which have been approved by the majority of the courts which have dealt directly with the problem. They are but separate routes to a common end. We adopt the end, under the facts of this case, to which latter, of course, the instant decision is only applicable.

Cases subsequent to the cited annotation have been found, in Kentucky which sustains such a reservation of a life es-

tate to a spouse under their "Rule of Intention", *Hays v. Kentucky West Virginia Gas Co.,* 290 Ky. 174, 160, S. W. (2d) 376, 379; and in Tennessee, where the court said in *Spicer v. Kimes,* 1941, 25 Tenn. App. 247, 156 S. W. (2d) 334, 337, "A reservation in a deed of conveyance to others of a life estate for the grantor and his wife operates as a conveyance of a life estate to the wife. *McRoberts v. Copeland,* 85 Tenn. 211, 2 S. W. 33." This accords with the suggestion of the text of 4 Tiffany on Real Property, 3rd Ed., 54, Sec. 974, as follows:

"As above stated, the language of reservation is not infrequently employed for the purpose of creating in the grantor a less estate than that conveyed, as when one conveys an estate in fee simple 'reserving' an estate for his life. Such a clause is not a reservation, according to the common-law conception of the term, but it has occasionally been referred to as such for the purpose of the general rule that a reservation can operate only in favor of the grantor, with the result that in a conveyance in fee simple, for instance, an attempted 'reservation' of a life estate in favor of a member of the grantor's family other than himself has been regarded as invalid. It may be questioned, however, whether such words of reservation might not occasionally be construed as words of grant, vesting in the third person named a life estate, with remainder in fee simple. The tendency has been to regard such an attempted reservation of a limited estate in favor of a third person as what the courts denominate an 'exception' of the estate named in favor of the grantor himself."

The following tangent reference is found in 3 Washburn on Real Property, 6th Ed., 424: "A reservation of certain parts of the granted premises, 'for the use of our mother,' is that of a life estate only."

The rule of the decisions which we follow is stated in 26 C. J. S., Deeds, § 138 (c), page 445, and the following is found in a footnote: "There is a sound basis for holding that there is a distinction between a reservation in a deed in favor of a grantor and his or her spouse and one in which

the grantor reserves an interest to a third person not presently interested in the property granted or conveyed. The spouse has such an interest in the property by way of homestead, or such an indefeasible interest as heir or by way of dower, that the combined interest of husband and wife in the property is sufficient to support the reservation of a life estate to either or both of them, by their joint execution of a deed which conveys or waives all of their rights." And it is stated in § 139 (b), page 447: "The owner of the fee in land and his or her spouse may join in a conveyance of it, reserving a life estate to both of them, which will continue during the life of the survivor." The subject is more fully covered in the 1951 supplement, pages 90, 91, to 16 Am. Jur., Deeds, sec. 299. A brief but enlightening note is in 25 Minn. Law Rev. 241, by way of review of *Saunders v. Saunders, supra,* 373 Ill. 302, 26 N. E. (2d) 126, 129 A. L. R. 306. The author refers to the majority, and now our, view as, quoting, "liberal, but not strictly logical," to which we do not take exception. Pure logic, for its own sake, should not be allowed to frustrate the clearly ascertained intention of a grantor which does not violate an established rule of construction or of law.

As before indicated, the question *sub judice* appears to be new in this court in that it has not heretofore been directly decided. However, the fact of it is not novel in our reports. There are cases that were appealed on other grounds which contained the circumstance of the reservation of a life estate to the spouse of a grantor in his conveyance of the property to another. Decisions of such content which have been rather accidentally, certainly incidentally, discovered in research for the purpose of this, and there may well be others, are: *Branyan v. Tribble,* 109 S. C. 58, 95 S. E. 137; *Antley v. Antley, supra,* 132 S. C. 306, 128 S. E. 31; *Myrick v. Lewis,* 139 S. C. 475, 138 S. E. 198; *Drake v. Drake,* 148 S. C. 147, 145 S. E. 705; and *First Carolinas Joint Stock Land Bank v. Ford,* 177 S. C. 40, 180 S. E. 562. In one or more of these decisions the existence of the life estate was ex-

pressly recognized (in the others it merely appears in the facts) but because the validity was not attacked, as here, the cases may be considered as authorities only *sub silentio*. Nevertheless, they are persuasive because they show the existence of general reputation of validity. The latter, to the extent of general custom, was the principal ground of the early establishment of the rule, which we follow, in Connecticut. See *Bryan v. Bradley*, 1844, 16 Conn. 474, from which there is an interesting excerpt in 129 A. L. R., at page 316.

Throughout the foregoing the terms "exception" and "reservation" have been used indiscriminately, which is not entirely accurate. However, the legal distinctions in meaning are immediately immaterial in view of the authorities, hence have not been observed. *Marion County Lumber Co. v. Hodges,* 96 S. C. 140, 79 S. E. 1096. See also, 26 C. J. S., 439, Deeds, Reservations and Exceptions, § 137, page 439; and 16 Am. Jur. 607, Deeds, Exceptions and Reservations, sec. 298; idem. 471, sec. 54.

It was error to sustain the demurrer, hence the order under appeal is

Reversed.

Baker, C. J., and Fishburne, Taylor and Oxner, JJ., concur.