JOHN P. SAAD & SONS, INC., Plaintiff-Appellant,

v.

NASHVILLE THERMAL TRANSFER CORP., Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section.

June 8, 1982.

Permission to Appeal Denied by Supreme Court Nov. 22, 1982.

Barnett & Alagia by W. Gary Blackburn, Nashville, for plaintiff-appellant.

F. Clay Bailey, Nashville, for defendant-appellee.

## OPINION

TODD, Presiding Judge (Middle Section).

Plaintiff, John P. Saad & Sons, Inc., has appealed from a judgment dismissing its suit for breach of contract whereby defendant, Nashville Thermal Transfer Corp. allegedly agreed to purchase quantities of refuse oil from plaintiff.

The complaint, filed by plaintiff *corporation* alleges:

4. In order to procure said product through Plaintiff, the parties entered into a contract entitled "Waste Oil Supply Agreement", a copy of which is attached hereto as Exhibit "A" to the Complaint and is incorporated by reference herein. . . .

The answer, filed by defendant, states:

4. Paragraph 4 is admitted.

The contract shows on its face that it was entered into between defendant and a partnership predecessor of plaintiff corporation. At the conclusion of plaintiff's evidence defendant moved for dismissal on the ground that plaintiff corporation was not a party and moved to amend the answer to state such defense. Plaintiff moved to amend to allege that plaintiff acquired the assets of the partnership. The Trial Judge overruled both motions to amend. Plaintiff then moved to reopen the evidence, and this motion was overruled. An offer of proof was made and refused. The Court then rendered judgment for the defendant on the ground that "There was no evidence in the record that said contract was assigned to, transferred to, or adopted by the plaintiff."

Appellant presents three issues for review, as follows:

1. Whether the Trial Court erred in dismissing this action without compliance with Rule 17.01, Tennessee Rules of Civil Procedure.

2. Whether the Court erred in finding that John P. Saad & Sons, Inc. was not the real party in interest.

3. Whether the Court erred in refusing appellant's requests to reopen the proof and to make an offering of proof.

As above indicated, the defendant admitted in its answer that the subject contract was executed by plaintiff and defendant. An admission in a pleading is conclusive against the pleader. *Hewgley v. General Motors' Acceptance Corp.,* 39 Tenn.App. 553, 286 S.W.2d 355.

■ Admissions in pleadings are judicial (conclusive) admissions, conclusive against the pleader until withdrawn or amended. McCormick on Evidence, 2nd Edition, § 265, p. 633; 31 C.J.S. Evidence § 301, p. 772, note 23.

This is so because pleadings are for the purpose of notifying adversary and the court of the contentions of the pleader and thus defining the issues. If a fact alleged in a pleading is admitted in the pleading of the adversary, then that fact ceases to be an issue in the case and there is no need to prepare or hear evidence on the subject.

■ Facts confessed in pleadings are binding on the parties and offered evidence of such facts is properly excluded as irrelevant. *Wilson v. Maury County Bd. of Ed.,* 42 Tenn.App. 315, 302 S.W.2d 502 (1957).

■ Any evidence upon a fact not in issue is irrelevant and not admissible unless collaterally admissible. *Merriman v. Smith,* Tenn.App. 1979, 599 S.W.2d 548.

Thus, the alleged fact that plaintiff was a party to the contract sued on, admitted in defendant's answer, was not an issue in the case and evidence thereon was irrelevant and inadmissible.

■ It was error for the Trial Judge to dismiss plaintiff's suit on the ground that plaintiff's interest in the contract had not

been proven when such interest had been conclusively admitted by the defendant. This was equivalent to a stipulation which the Trial Court was not at liberty to ignore.

It is argued by counsel that it is unrealistic for a court to ignore evidence which contradicts an admitted allegation. Realistic or not, judgments must be rendered upon relevant evidence and judgment must not be rendered upon irrelevant evidence.

Nevertheless, defendant was entitled to have consideration given to its application to amend its answer and to have the application granted if no injustice would result. Upon remand, defendant will be accorded opportunity to amend its answer. When leave is granted, the original answer will no longer be conclusive, but will remain available as an evidentiary admission to be weighed against other evidence to the contrary. McCormick on Evidence, 2nd Edition, § 265, p. 634, note 48.

When the admission of defendant has been removed by amendment, then plaintiff is entitled to opportunity to respond to the amended answer by amendment of the complaint and by presenting evidence in support of the amendment.

The foregoing disposes of all material points in the issues presented on appeal.

The judgment of the Trial Court is reversed and the cause is remanded for repleading and retrial in conformity with this opinion. Costs of this appeal are taxed against defendant-appellee.

Reversed and remanded.

LEWIS and CANTRELL, JJ., concur.