Thomas P. SMITH, et al.,
Plaintiffs/Appellants,

v.

SOVRAN BANK CENTRAL SOUTH
and James L. Woodard,
Defendants/Appellees.

Court of Appeals of Tennessee,
Western Section, at Nashville.

March 28, 1990.

Application for Permission to Appeal
Denied by Supreme Court
June 11, 1990.

Dan R. Alexander, Nashville, for plaintiffs/appellants.

C.D. Berry and J. Patrick Murphy, Bass, Berry & Sims, Nashville, for defendants/appelles.

TOMLIN, Presiding Judge (Western Section).

Thomas P. Smith, administrator of the estate of Minnie Craig Smith, joined by other heirs of Ms. Smith (hereafter "plaintiffs"), brought this suit against Sovran Bank and James Woodard, Trustee, (hereafter "defendants") under a deed of trust. Suit was filed in the Chancery Court for Davidson County to have plaintiffs declared owners of a one-half undivided interest in certain real property and to quiet title thereto. The chancellor below granted defendants' motion for summary judgment. The singular issue presented by this appeal is whether or not the chancellor's action was erroneous. We hold that it was not and affirm.

Inasmuch as we are dealing with the granting of a summary judgment motion, we look to the transaction history as reflected in the pleadings and supporting affidavits for a determination of the facts, which appear to be as follows: William and Minnie Smith Miller were married in 1942. Minnie obtained a divorce from William in Davidson County in 1950, but they continued to live together out of wedlock, ostensibly as man and wife. On July 15, 1985, Ernestine Thibodeaux conveyed by warranty deed a certain parcel of land to "William E. Miller, and wife, Minnie Miller, the Grantees herein, their (successors), heirs and assigns. . . ." On that same day a purchase money mortgage to secure the payment of a promissory note "executed by William E. Miller and wife, Minnie Miller to the order of Ernestine Thibodeaux" was given to Joseph B. Pitt, Jr., Trustee, signed and acknowledged by "William E. Miller and wife, Minnie Miller."

Minnie Miller died in March, 1987. Shortly thereafter, William Miller married Shirley T. Miller. On July 23, 1987, for the purpose of securing a loan from the Williamson County Bank,[1] a deed of trust was

---

1. At some point subsequent to this transaction, Sovran Bank Central South became the successor in interest to Williamson County Bank.

executed by "William E. Miller & wife, Shirley T. Miller" as grantors to James L. Woodard, Trustee, granting a lien on the subject property to defendant bank. This was the same property earlier conveyed to William E. Miller and wife, Minnie Miller. The "reference back" in the deed of trust to defendant bank contained the following language:

> Being the same property conveyed to William E. Miller and wife, Minnie Miller by Warranty Deed of Ernestine Thibodeaux, unmarried, as of record in Book 6608, page 516, Register's Office of Davidson County, Tennessee. Minnie Miller is now deceased and title to the within described property is vested in William E. Miller as the surviving tenant by the entirety.

In September, 1987, letters of administration were applied for relative to the estate of Minnie Miller. This suit was subsequently filed.

In ruling on a motion for summary judgment, both the appellate and trial courts must review the matter in the light most favorable to the nonmoving party and draw all legitimate conclusions of fact in its favor. *Daniels v. White Consolidated Industries, Inc.*, 692 S.W.2d 422 (Tenn.App. 1985).

It is the plaintiffs' contention that the deed from Thibodeaux to William and Minnie Miller created a tenancy in common in the property and such was their intention. They further contend that William Miller was the owner of only a one-half interest in the property, the other half passing to them by intestate succession.

In granting defendants' motion for summary judgment, the chancellor stated:

> The elements of estoppel have been established in this case. Without creating an estate by entirety between Mary Craig Smith Miller and William E. Miller, this Court holds that the heirs of Mary Craig Smith Miller, because of the intervention of an innocent purchaser, cannot assert that the estate in question is any different from that which their ancestor said it was.

On appeal, plaintiffs concede that they are estopped to deny that William and Minnie Miller were married. They further concede that a recital in a deed conveying property to husband and wife without stating a specific ownership interest creates a presumption that the parties take title as tenants by the entirety. Plaintiffs furthermore contend that the presumption is a rebuttable one and to accomplish this rebuttal plaintiffs filed affidavits of Minnie Miller's heirs stating essentially that they "knew" that William and Minnie Miller intended to take title as tenants in common. In support of their position plaintiffs rely upon *Myers v. Comer*, 144 Tenn. 475, 234 S.W. 325 (1921).

Plaintiffs' reliance upon *Myers* is misplaced. In that case certain property was conveyed to a couple as husband and wife, "jointly and severally in equal moities." While acknowledging the general rule that a deed to a husband and wife ordinarily created a tenancy by the entireties, the Supreme Court held that the language in the deed evidenced a clear intent that the parties were to take title to the land as tenants in common. A reading of *Myers* clearly reveals that the presumption of the creation of a tenancy by the entirety can be rebutted only when a contrary intention is expressed in the instrument itself, as opposed to extrinsic evidence. Be that as it may, this is not the issue before us since the intent of William and Minnie Miller is irrelevant and not determinative of this case.

As recognized by the chancellor, what we are dealing with here is estoppel by deed. Our Supreme Court, in *Denny v. Wilson County*, 198 Tenn. 677, 281 S.W.2d 671 (1955), has described estoppel by deed as:

> a bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed or from denying the truth of any material facts asserted in it.

Id. 281 S.W.2d at 675.

A case strikingly similar to the case at bar and one which we feel is of great persuasion is that of *Duke v. Hopper*, 486

S.W.2d 744 (Tenn.App.1972), written by former Presiding Judge Nearn of this Court. In *Duke*, the grantees of certain property took title as "Buron Hopper and wife, Vivian Hopper." While they had held themselves out as husband and wife for some twelve years, they were never legally married. Thereafter, "husband" died. The surviving "spouse" conveyed the subject property to a third party, who had no knowledge that the Hoppers had not in fact been married. An action to quiet title was brought by the heirs of the deceased grantee, who claimed they were entitled to a one-half interest in the property. The defendants (third-party purchasers) contended that the heirs of the deceased grantee were estopped to deny that the grantees owned the property as tenants by the entirety. While this Court concurred in the chancellor's finding that the conveyance did not create a tenancy by the entirety, it noted that this was not the principal issue on appeal. In fact, the question of estoppel was the issue on appeal.

After setting forth the generally accepted definition of estoppel by deed, the *Duke* court stated:

> Ordinarily, recitals of matters of fact contained in a deed are binding on both the grantor and the grantee, such as the date of the instrument, the existence of prior agreements, and the nature or status of either grantor or grantee. See 31 C.J.S. Estoppel, § 37, page 330 and § 38, pages 333–334. Also, *Henderson v. Overton* (1830) 10 Tenn. (2 Yerg.) 394–397; *Denny v. Wilson County, supra.*

> The privies of a grantor or grantee are estopped to the same extent as the original parties to the deed and all persons, including heirs, claiming through the party estopped by deed are bound by the estoppel. *Spicer v. Kimes* (1941 M.S.) 25 Tenn.App. 247, 156 S.W.2d 334.

> Before a party can claim an estoppel, there must be on the part of the claiming party; (a) lack of knowledge without fault of the true facts, (b) reliance upon the untrue facts, and (c) action based on the untrue statement or misrepresenta-

tion. See *McClure v. Wade* (1950 E.S.) 34 Tenn.App. 154, 235 S.W.2d 835.

Id. at 748.

Upon applying these principles to the facts it had before it, the *Duke* court found that the Dukes were innocent purchasers for value, with no knowledge of any defect in Hopper's title, and that the heirs of the deceased grantee Hopper were estopped to deny that the conveyance to Hopper and his wife created an estate of tenancy by the entirety.

In the case at bar, the Millers took title to the subject property as "husband and wife," while at the same time reconveying the property in trust to secure a purchase money mortgage as "husband and wife."

The Millers acquired title on July 15, 1985. When William Miller purported to convey title in trust for defendant bank in July, 1987, there was nothing of record to cause defendant bank to believe that William and Minnie Miller were not married as of July 15, 1985, the date of purchase, and that they had not remained married until Minnie's death in March, 1987. Having reached this conclusion, defendant bank became a *bona fide* purchaser upon loaning $150,000 to William Miller and at the same time obtaining a lien on the property to secure the debt. Defendant bank lacked knowledge of the actual facts and relied and took action on the untrue facts. Plaintiffs' argument of constructive notice is without merit. The divorce decree was filed in 1950, thirty-five years prior to the time William and Minnie Miller took title to the property. There was no legal obligation upon bank to search all of the public records, even those having nothing to do with instruments in the chain of title, to ascertain the marital status of grantees.

For the reasons stated, we reach the same conclusion as did our brothers in the *Duke* case and hold that plaintiffs, as heirs of Minnie Smith Miller, because of the intervention of an innocent purchaser, are estopped to assert that the estate in question is any different from that which their ancestor, Minnie Smith Miller, said it was. As in *Duke*, we wish to make it clear that we do not hold that an estate by the entire-

ty between William and Minnie Miller was created. The decree of the chancellor is affirmed. Costs on appeal are taxed to plaintiffs, for which execution may issue if necessary.

CRAWFORD and FARMER, JJ., concur.