IN THE COURT OF APPEALS

FILED

April 4, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

BETTY MANIS,                    )   SEVIER CHANCERY
                               )   C. A. NO. 03A01-9512-CH-00433
                               )
        Plaintiff-Appellant    )
                               )
                               )
                               )
                               )
                               )
vs.                            )   HON. CHESTER S. RAINWATER
                               )   CHANCELLOR
                               )
                               )
                               )
                               )
                               )
JERRY K. GALYON,               )   AFFIRMED AND REMANDED
                               )
        Defendant-Appellee     )


J. LEWIS KINNARD, Madisonville, for Appellant.

DWIGHT E. STOKES, Sevierville, for Appellee.


O P I N I O N


                                        McMurray, J.

This action was instituted as a complaint for a declaratory judgment and for a partition of real estate. The appellant sought a declaratory judgment that she was the owner of an undivided interest in a tract of land located in Sevier County as a tenant in common with the appellee. She further sought to have the court partition the property in question. Both parties filed motions for summary judgment. The trial court sustained the defendant's motion for summary judgment, denied plaintiff's motion and found that the appellant held no interest in the property. This appeal resulted. We affirm the judgment of the trial court.

No material facts are in dispute. Both parties moved for summary judgment on the grounds that there were no issues of material fact, each claiming to be entitled to judgment as a matter of law. Thus, we are presented with a pure question of law and no presumption of correctness attaches to the trial court's judgment. Gonzales v. Alman Constr. Co., 857 S.W.2d 42, 44 (Tenn. App. 1993). We must decide anew whether the undisputed facts show that either of the parties is "entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.03; Gonzales at 44-45.

Aaron Kirby, father of the appellant, was the owner of the tract of land in which an interest is now sought by the appellant. During his lifetime, Aaron Kirby conveyed away his interests in the

2

property in question in such a fashion that it became necessary to litigate ownership of the property.[1] In previous litigation in the Sevier County Chancery Court in cause no. 83-4-140, styled _Mary Jo Kirby Henderson, et al v. Aaron Kirby, et al_, in which all necessary parties or privies to this action were before the court, an agreed order was entered resolving all issues, which, among other things, vested title to the subject property in Aaron Kirby and wife, Ollie Kirby.[2]

The agreed order specifically recited "that all rights, titled (sic), interest and equity is hereby divested from Mary George Kirby Henderson, James Kirby, Lonnie Kirby, Faye Kirby Sands, Barbara Jean Kirby and Clara Nell Kirby McClure, and vested into Aaron Kirby _and wife_, Ollie Kirby. (Emphasis added).

It is undisputed that prior to the litigation which gave rise to the agreed order, Ollie Kirby owned no interest in the property in question. The record does not disclose the interest, if any, Aaron Kirby had in the subject property prior to that litigation.

---

[1]The record does not demonstrate how the property was conveyed by Aaron Kirby nor to whom. There is no copy of the conveyance in the record. Appellant's complaint simply states that "Aaron Kirby, father of the plaintiff herein, and others acquired certain property in Sevier County, Tennessee and conveyed their interests in various manners so that litigation resulted and the property rights resolved in Chancery [court] ... and the litigation was terminated by an agreed order."

[2]In the previous litigation, the appellee was the attorney for Aaron Kirby and wife, Ollie Kirby. As their attorney, he received a one-third interest in the property as payment for his services. There is no dispute concerning this interest.

3

We can, however, reasonably conclude that the property decreed to Aaron Kirby and wife, Ollie Kirby, was received in settlement of that litigation.

Aaron Kirby died and was survived by his wife, Ollie Kirby. Subsequently, Ollie Kirby and two of her daughters conveyed their interest in the property to the appellee. The deed specifically recited:

> It is the intent of the Grantors by this instrument to convey all their rights, titles, equities and interests to the Grantee in the hereinabove described property. Ollie M Kirby is the owner of all of said property or a one-third interest; Jean K. Brackins is the owner of a one-ninth interest; and Brenda K. Teaster is the owner of a one-ninth interest, which they are conveying to the Grantee herein.

The threshold question which we must address is whether the agreed order entered in the previous case, <u>Mary Jo Kirby Henderson, et al v. Aaron Kirby, et al</u>, created an estate by the entireties in Aaron Kirby and wife, Ollie M Kirby.

It is such well-settled law that an instrument vesting title to real property in man and wife creates a tenancy by the entireties that no citations are required. Yet there is some room for a contrary result if it is clearly expressed within the instrument an intent to create an estate as tenants in common or joint tenants.

4

See Bost, et al. v. Johnson, 133 S.W.2d 491 (Tenn. 1939). No such intention to the contrary is expressed in the agreed order. The order is clear and unambiguous.

> In exercising its powers of supervising the enforcement of its own judgments, a court has necessary and inherent power to interpret or construe any ambiguous phraseology of the judgment sought to be enforced. Likewise, a court which is called upon to enforce the judgment of another court has some power to interpret the judgment to be enforced.

> An unambiguous judgment should be construed as a whole so as, if possible, to give effect to all parts thereof and to effect the intent and purpose of the Court. 49 C.J.S. Judgments § 436, p. 862.

> However, a judgment plain and ambiguous by its terms may not be modified, enlarged, restricted or diminished. Ibid, p. 868.

Tenpenny v. Tenpenny, (Tenn. App. 1995), Lexis 105.

The agreed order in the previous case is clear and unambiguous We, therefore, find that the agreed order vested title in Aaron Kirby and wife, Ollie Kirby as, tenants by the entirety.

We must next examine the assertion by the appellant that the appellee had filed a previous suit concerning the same subject matter in which the appellant assumed a position contrary to the position assumed in this case. The record reflects that the appellee here filed an action in the Circuit Court of Sevier County against the appellant seeking to have the subject property

5

partitioned. Subsequently, the appellee, in that action, filed an amendment to his complaint alleging that he was the owner of the fee and that the appellant had no interest in the property. Thereafter, a non-suit was taken.

Appellant would have us find that the appellee is now estopped from asserting that he is the owner of the fee simple title to all the property in question. We will first look to the doctrine of judicial estoppel. Assuming that the doctrine of judicial estoppel is still a viable doctrine of law in this jurisdiction, there are limitations on the general rule.

> 'While judicial estoppel applies where there is no explanation of the previous contradictory sworn statement (Sartain v. Dixie Coal & Iron Co., 150 Tenn. 633, 650, 651, 266 S.W 313), it does not apply where there is an explanation showing such statement was inadvertent, inconsiderate, mistaken, or anything short of a 'wilfully false' statement of fact. Black Diamond Collieries v. Deal, 150 Tenn. 474, 477, 265 S.W 985; Helfer v. [Mutual Ben.] Health & Acc. Ass'n, 170 Tenn. 630, 637, 638, 96 S.W 2d 1103, 1105, 113 A.L.R. 921, 924, 925.

See D. M Rose & Co. V. Snyder, 206 S.W 2d 897 (Tenn. 1947).

The reasons for the perceived inconsistency are clearly set out in the answers to the interrogatories propounded by the appellant to the appellee. The appellee explained in his answers to interrogatories that, after consultation with a number of attorneys, he was advised that he owned the entire fee and,

6

therefore, amended his complaint accordingly. Judicial estoppel is not available to the appellant under these circumstances.

The doctrine of "judicial admissions" was substantially changed by Rule 803(1.2), Tennessee Rules of Evidence. With the adoption of the Tennessee Rules of Evidence, Rule 803(1.2) the distinction between evidentiary admissions and judicial admissions was abolished. Thus, judicial admissions are no longer conclusive. Prior to the adoption of the Tennessee Rules of Evidence, the prevailing rule relating to "judicial admissions" was set out in John P. Saad and Sons v. Nashville Thermal, 642 S.W.2d 151 (Tenn. App. 1982). Indeed, in Saad it is said: "Admissions in pleadings are judicial (conclusive) admissions, conclusive against the pleader until withdrawn or amended. McCormick on Evidence, 2nd Edition, § 265, p. 633; 31 C.J.S. Evidence § 301, p. 772, note 23."

It is clear that, since the circuit court pleadings were amended, neither the old rule as stated in Saad nor Rule 803(1.2) which is now in effect constitute a conclusive admission.

Appellant also argues that the appellee is bound by the doctrine of estoppel by deed. Our Supreme Court, in Denny v. Wilson County, 198 Tenn. 677, 281 S.W.2d 671 (1955), has described estoppel by deed as: "a bar which precludes one party to a deed

7

and his privies from asserting as against the other party and his privies any right or title in derogation of the deed or from denying the truth of any material facts asserted in it." <u>Smith v. Sovran Bank Cent</u>., 792 S.W.2d 928 (Tenn. App. 1990). We do not understand the recitations in the deed as being in conflict with appellee's assertions in this action. It seems clear that the recitations in the deed were clearly intended to transfer all of the grantors' rights in the property to the grantee —nothing more.

We find no estoppel or other similar rule of law available to the appellant in this case which would defeat the appellee's title to the property. Accordingly, we affirm the judgment of the trial court.

Costs of this cause are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

_____
Don T. McMurray, J.

CONCUR:

_____
Herschel P. Franks, J.

8

_____
Clifford E. Sanders, Special Judge

IN THE COURT OF APPEALS

BETTY MANIS,                      )    SEVIER CHANCERY
                                  )    C. A. NO. 03A01-9512-CH-00433
                                  )
          Plaintiff-Appellant     )
                                  )
                                  )
                                  )
                                  )
                                  )
vs.                               )    HON. CHESTER S. RAINWATER
                                  )    CHANCELLOR
                                  )
                                  )
                                  )
                                  )
                                  )
JERRY K. GALYON,                  )    AFFIRMED AND REMANDED
                                  )
          Defendant-Appellee      )

## ORDER

This appeal came on to be heard upon the record from the Chancery Court of Sevier County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court. Costs of this cause are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

PER CURIAM