IN THE COURT OF APPEALS OF TENNESSEE

| | |
|---|---|
| JAMES R. STROUD and<br>wife, SHELBY JEAN STROUD,<br><br>    Plaintiffs-Appellants,<br><br><br><br><br><br>v.<br><br><br><br><br>ESTATE OF JETER EDWARD<br>WARDREP, JR., JETER E.<br>WARDREP, III, BILLY E.<br>HAMRICK, JAMES HAMRICK,<br>CAROLYN EADS, and<br>JAMES C. WARDREP,<br><br>    Defendants-Appellees. | C/A NO. 03A01-9609-CH-00307<br><br><br><br><br><br><br><br><br>APPEAL AS OF RIGHT FROM THE<br>KNOX COUNTY CHANCERY COURT<br><br><br><br><br><br><br>HONORABLE SHARON J. BELL,<br>CHANCELLOR |

**FILED**

**December 23, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

For Appellants

DOUGLAS L. DUTTON
AMY V. HOLLARS
Hodges, Doughty & Carson
Knoxville, Tennessee

For Appellees

EARL S. AILOR
Knoxville, Tennessee

O P I N I O N

REVERSED AND REMANDED                                    Susano, J.

The plaintiffs, James R. Stroud and wife, Shelby Jean

Stroud, proceeding *pro se*,[1] filed a complaint for specific

---

[1]The plaintiffs' counsel on this appeal was first retained after the
trial court entered its final judgment.

1

performance against the co-executors of the Estate of Jeter Edward Wardrep, Jr., and Mr. Wardrep's heirs. They seek to enforce a written contract between them and the deceased in which the latter agreed to sell them property at 4001 Crestfield Road, Knoxville. Following a non-jury hearing, the Chancellor dismissed the complaint. The plaintiffs appealed, raising issues that present the following questions:

> 1. Did the Chancellor err in dismissing the complaint on the ground that the contract was not properly before the court?
>
> 2. Is the failure to record the contract a bar to a suit for specific performance against the personal representatives of the deceased?

I.

*Facts*

In the third paragraph of the complaint, the plaintiffs allege that they and the deceased executed a contract on May 30, 1995, for the sale of the subject property. The original of the contract was attached to the complaint and designated Exhibit A to that pleading.

All but one of the defendants filed a joint answer in which they responded to the third paragraph of the complaint as follows:

> They admit that Jeter Edward Wardrep, Jr. signed a contract as identified by Exhibit A to the complaint.

2

The joint answer goes on to state a number of defenses in avoidance of the contract.

In a separate answer, the defendant James C. Wardrep responded to the third paragraph thusly:

> Defendant denies the allegations of paragraph 3 of the Complaint, and specifically alleges that the contract, dated May 30, 1995, by and between Jeter Edward Wardrep, Jr. (the "Decedent") and the Plaintiffs with respect to certain real estate owned by the Decedent located at 4001 Crestfield Road, Knoxville, Tennessee, is invalid and unenforceable due to the Decedent's incompetency on the date the contract was executed, or in the alternative, that the contract is a product of fraud or misrepresentation by the Plaintiffs or undue influence upon the Decedent by the Plaintiffs.

The Chancellor found that the defendants failed to carry their burden of proof with respect to all of the matters alleged as defenses in avoidance of the contract. She specifically rejected a defense based upon the failure of the plaintiffs to "duly register[]" the contract, finding that T.C.A.

3

§ 66-4-102[2] did not preclude a decree for specific performance against the personal representatives.

Despite finding in favor the plaintiffs on all of the defenses in avoidance of the contract, the Chancellor concluded that because the plaintiffs had not formally moved the court to admit the contract into evidence, she had to find for the defendants:

> . . . the crux of the lawsuit, and that is the contract of sale, or an authenticated copy thereon has never been introduced into evidence, so when Defendant argues there are terms missing in the contract I can only say as far as the Court knows, there are no terms. There is no contract before the Court. It's unfortunate when it comes to a technicality of that nature but law as medicine and surveys and anything else have to be done right, and if they're not done right the Court can't do it itself. The Court has to let people represent themselves, so I cannot find that there should be specific performance.

We believe the Chancellor was correct in concluding that T.C.A. § 66-4-102 did not prevent her from decreeing

---

[2]T.C.A. § 66-4-102 provides as follows:

> The personal representative cannot be required to execute a conveyance under the provisions of § 66-4-101, unless the written agreement or contract, duly registered, or a certified copy thereof from the register's books, is produced and delivered to the representative.

The companion statute, T.C.A. § 66-4-101, is as follows:

> In all cases of written agreements or contracts for the conveyance of land in this state, where the person executing the agreement or contract dies before final conveyance is made, the decedent's personal representatives may execute the conveyance to the person with whom such agreement or contract was made, or the decedent's heirs or assigns, according to the forms prescribed for the conveyance of real estate.

specific performance.  However, we disagree with her conclusion that the subject contract was not properly before her.

## II.

*Law*

In **Rast v. Terry**, 532 S.W.2d 552 (Tenn. 1976), suit was brought to set aside a tax deed.  The former property owners claimed that they did not have actual or constructive notice of the tax sale.  One of the facts alleged in the complaint was that process as to one of the property owners had been returned by the Sheriff marked "not to be found in my County."  *Id*. at 553-54. To this allegation, the defendant responded that

> [i]t is admitted . . . that the Sheriff, being unable to serve the summons in the matter on the Terrys, or either of them, returned said summons marked "not to be found in my County."

*Id.* at 554.  Citing *Gibson's Suits in Chancery*, § 410 (5th ed.), the Supreme Court pointed out the legal effect of the answer:

> When the allegations of the complaint are admitted in the answer the subject matter thereof is removed as an issue, *no proof is necessary* and it becomes conclusive on the parties.

*Id.*  (Emphasis added).

5

In *John P. Saad & Sons v. Nashville Thermal Transfer Corp.*, 642 S.W.2d 151 (Tenn. App. 1982), the Court of Appeals opined that

> [f]acts confessed in pleadings are binding on the parties and offered evidence of such facts is properly excluded as irrelevant. (citation omitted).

*Id*. at 152. As in the instant case, the *John P. Saad & Sons* case involves an answer which admitted that the parties to the litigation had entered into a contract, a copy of which was attached to the complaint.

In *Irvin v. City of Clarksville*, 767 S.W.2d 649 (Tenn. App. 1988), an owner of property sued the City of Clarksville seeking damages because of the City's demolition of a fire-damaged house in which the plaintiff alleged that he owned an interest. The trial court found that the plaintiff failed to prove an ownership interest in the property because he "failed to introduce a copy of the deed during the presentation of his evidence." *Id*. at 653. The Court of Appeals held that this finding was in error because the complaint alleged the plaintiff's ownership interest and that interest was admitted in the answer. In so holding, the Court of Appeals said the following:

> In light of the City's admission, the trial judge should not have required [the plaintiff] to prove that he owned an interest in the property. Admissions in pleadings are judicial admissions that are conclusive on the pleader until withdrawn or amended.

> (citation omitted). Thus, when the
> allegations in a complaint are admitted in
> the answer, the subject matter of the
> allegations is removed as an issue, and no
> proof is necessary. (citations omitted).

*Id.*

### III.

### *Analysis*

The answers in the instant case admit the execution of the contract. While the answer of the defendant James C. Wardrep *purports* to deny the allegations of paragraph three of the complaint, his answer actually amounts to a response which is properly characterized as a "negative pregnant."[3] The response is actually an affirmation of the contract with allegations of matters in avoidance. It is clear to us that none of the defendants deny that the deceased and the plaintiffs executed the subject contract.

Since the contract exhibited to the complaint was admitted by the defendants, it was not necessary for the plaintiffs to formally move the court to admit it into evidence. It was already before the court by virtue of the admissions in

---

[3] A "negative pregnant" is defined as follows:

> In pleading, a negative implying also an affirmative.
> Such a form of negative expression as may imply or
> carry within it an affirmative. A denial in such form
> as to imply or express an admission of the substantial
> fact which apparently is controverted; or a denial
> which, although in the form of a traverse, really
> admits the important facts contained in the
> allegations to which it relates.

*Black's Law Dictionary* 1032 (6th ed. 1990).

the answers.  **John P. Saad & Sons**, 642 S.W.2d at 152.  We find that the appellant's first issue has merit.

The defendants argued at trial that T.C.A. § 66-4-102 bars a suit against them in their representative capacity.  The Chancellor rejected this contention, finding that **Brister v. Brubaker's Estate**, 336 S.W.2d 326 (Tenn. App. 1960) holds to the contrary.  We agree.  **Brister** expressly holds that T.C.A. § 66-4-102 will not serve to bar a suit against a personal representative for specific performance of a contract to sell real property, noting that

> . . . if the contract relied on by [the plaintiff] is otherwise sufficient, it is binding, as between the parties to same and their heirs and representatives, without registration.

336 S.W.2d at 331.

The execution of the subject contract was proven below. The Chancellor determined that the matters alleged in avoidance of the contract were not sustained by the proof.  While these latter findings were not raised as issues on this appeal, we find that the evidence does not preponderate them.  We believe it is appropriate to remand this case to the trial court so it can fashion by an appropriate order the relief to which the plaintiffs are entitled under the terms of the contract.

The judgment of the trial court is reversed.  This matter is remanded to the trial court for the entry of an

8

appropriate order, consistent with the opinion of this court. Costs on appeal are assessed to the appellees.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
William H. Inman, Sr.J.