IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 24, 2001 Session

## DAE KWAN, HYUK J. KWAN, HYUK W. KWAN, AND KOOK HAN-LEE
v.
## JOHN DOE AND ALLSTATE INSURANCE COMPANY

**Appeal from the Circuit Court for Davidson County**
**No. 97C-2456     Walter Kurtz, Judge**

---

**No. M2000-03208-COA-R3-CV - Filed February 14, 2002**

---

This is a lawsuit against an uninsured motorist insurance carrier arising from a cat jumping out of a car. The plaintiffs were injured in a car accident allegedly caused when a cat leapt from a vehicle and into the plaintiffs' lane of traffic. The plaintiffs filed suit against several parties, including the plaintiffs' uninsured motorist carrier. The uninsured motorist carrier moved for summary judgment, asserting that the negligent actions of the unidentified driver did not arise "out of the ownership, maintenance, or use of a motor vehicle." The motion was granted. The plaintiffs then sought to amend their complaint, and this motion was also denied. A trial was then held on the claims against the remaining defendants and the jury apportioned fifty percent of the fault to the unidentified driver. The plaintiffs now appeal the grant of summary judgment to the uninsured motorist carrier and the denial of the plaintiffs' motion to amend their complaint. We affirm.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

J. Mitchell Grissim, Jr. and Ronald W. McNutt, Nashville, Tennessee, for the appellants, Dae Kwan, Hyuk J. Kwan, Hyuk W. Kwan, and Kook Han-Lee.

James C. McBroom and A. Michelle Poss Sesler, Nashville, Tennessee, for the appellees, Allstate Insurance Company and John Doe

**OPINION**

This case shows the trouble that can come from carrying a cat loose in a car. Plaintiff Dae Kwan was involved in a car accident with defendant Bobby Watson. At the time of the accident, Kwan was traveling directly behind a car driven by Lihui Zheng. Ahead of Zheng, in the lane to her right, was a car carrying a cat. The cat apparently jumped out of the car into Zheng's lane. Zheng

immediately applied her brakes to avoid hitting the cat. Kwan then applied his brakes to avoid hitting Zheng's car. Watson, traveling directly behind Kwan, was unable to stop and rear-ended Kwan's truck. As a result of the accident, Kwan and his passengers suffered personal injuries and property damage of nearly $100,000.[1]

Kwan filed a lawsuit against Zheng, Watson and Watson's employer, Land Span, Inc. In February 1999, Kwan was permitted to amend his complaint (the second amended complaint)[2] to add as an additional defendant the unidentified driver of the vehicle transporting the cat. The second amended complaint alleged that the unidentified driver "was negligent in throwing a cat from his vehicle, thereby allegedly causing defendant Lihui Zheng, to apply her brakes." Kwan also filed suit against his automobile insurer, defendant Allstate Insurance Company ("Allstate"), for recovery against the unidentified driver.

After discovery, Allstate filed a motion for partial summary judgment. In the motion, Allstate argued that throwing a cat from a vehicle is not an act which arises out of the "ownership, maintenance, or use" of a motor vehicle and that Allstate therefore was not required to provide coverage against the unidentified motorist's act. *See* Tenn. Code. Ann. § 56-7-1202(a) (2000). Allstate's motion was heard on April 14, 2000. Both sides referred to Zheng's deposition testimony, in which she stated that the unidentified driver was unable to prevent the cat from jumping out of the car's rear window. The trial judge, however, decided the motion based on the allegation in the second amended complaint that the driver negligently threw the cat from the car, finding that this was an intentional act with a negligent result. The trial judge found that the case was governed by this Court's holding in *Nicely v. Doe*, No. 03A01-9810-CV-00322, 1999 WL 235795, at *4 (Tenn. Ct. App. Apr. 16, 1999), that "throwing something out of the window of a car is not a 'proper or normal use' of a motor vehicle." On this basis, the trial court granted Allstate's motion for summary judgment.

Kwan then sought leave of court to amend his complaint for a third time to conform to the evidence, to allege that the unidentified driver negligently allowed the cat to jump from his vehicle, rather than alleging that he threw the cat from the vehicle. Kwan argued that, while throwing an object from a car would not be covered under the uninsured motorist statute, negligently allowing a cat to jump from a car would be covered. The trial court, however, found that Kwan's motion to amend was "an imaginative way to attempt to convince the Court to reconsider" its previous decision granting summary judgment. The trial court noted *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998), holding that a motion to amend a judgment should not be granted if it seeks to "introduce new evidence that could have been adduced and presented while the summary judgment motion was pending." The trial court found that Zheng's deposition testimony was available at the time of the hearing on Allstate's motion for summary judgment and, therefore, the trial court declined to allow Kwan to amend his complaint. The trial court stated that its decision to grant

---

[1] The record does not indicate whether the errant cat was injured or ever located.

[2] The record does not indicate the reasons for the first amended complaint.

summary judgment to the uninsured motorist carrier would be the same regardless of whether the cat jumped from the vehicle or was thrown from the vehicle.

Kwan then proceeded to trial against the remaining defendants.[3] A directed verdict was entered for defendant Zheng, and the jury apportioned fault equally between defendant Watson and the unidentified driver. Kwan then moved to alter or amend the judgment or, in the alternative, for a partial new trial. This motion was denied by the trial court. Kwan now appeals the following orders of the trial court; (1) the grant of summary judgment to defendant Allstate; (2) the denial of Kwan's motion to amend his complaint to conform to the evidence; and (3) denying Kwan's motion to alter or amend the judgment or, alternatively, for a new trial.

On appeal, Kwan argues that there were genuine issues of material fact arising out of Zheng's deposition testimony and, therefore, the trial court erred in granting summary judgment to Allstate. Alternatively, Kwan argues that the trial court erred in not allowing him to amend his complaint to include the factual allegation that the unidentified driver was negligent in allowing the cat to jump from the car. Lastly, Kwan argues that the trial court erred in not vacating the summary judgment order and proceeding with a partial new trial against defendants John Doe and Allstate.

Kwan first argues that the trial court's grant of summary judgment to Allstate was erroneous. We review the trial court's grant of summary judgment *de novo* with no presumption of correctness. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We must view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997).

Kwan asserts that the actions of the unidentified driver in failing to prevent the cat from jumping from his car derived from the "use of a motor vehicle" and, therefore, were covered under the uninsured motorist statute. At the time the trial court considered Allstate's motion for summary judgment, Kwan's complaint alleged that the unidentified driver negligently threw the cat from the moving vehicle. The trial court also had before it Zheng's deposition. Zheng did not testify that the driver threw the cat; rather, Zheng testified that the driver negligently failed to prevent the cat from jumping out of the vehicle's open rear window. The trial judge decided the motion for summary judgment based on the allegation in the complaint that the driver threw the cat out of the window. Therefore, Kwan's argument presupposes that his motion for leave to file a third amended complaint had been granted at the time the hearing on Allstate's summary judgment motion was held. ***See Sullivan v. Dickerson***, No. 15, 1986 WL 6064, at *2 (Tenn. Ct. App. May 29, 1986) (holding that plaintiff could not overcome defendant's motion for summary judgment by relying on factual

---

[3] Prior to trial, Kwan filed a motion *in limine* to prohibit attribution of comparative fault to the unidentified driver. The motion was denied by the trial court.

allegations in a proposed amended complaint where the trial court had denied plaintiff's motion to amend).

Like the plaintiff in *Sullivan*, Kwan argues that summary judgment was inappropriate because facts alleged in his proposed third amended complaint would state a cause of action. However, at the time of the hearing on Allstate's motion for summary judgment, Kwan had not even filed the motion to amend his complaint. Therefore, the trial court was only required to consider Kwan's second amended complaint and any other "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Tenn. R. Civ. P. 56.04. Of course, this would include Zheng's deposition.

While Zheng's deposition states that the driver was unable to stop the cat from jumping out of the car, Kwan's second amended complaint alleges that the unidentified driver was "negligent in throwing a cat from his vehicle." The trial judge must consider all evidence filed in opposition to the summary judgment motion; however, factual statements contained in the pleadings are conclusive against the pleader until they have been amended or withdrawn. *See John P. Saad & Sons, Inc. v. Nashville Thermal Transfer Corp.*, 642 S.W.2d 151, 152 (Tenn. Ct. App. 1982) (finding that where an allegation is made in plaintiff's complaint and admitted in defendant's answer, any subsequent evidence on the issue is irrelevant). *But See Ohio Cas. Group of Ins. Co. v. Forrest*, No. 03A01-9504-CV-00125, 1995 WL 455954, at *2-3 (Tenn. Ct. App. Aug. 2, 1995) (questioning the continued validity of *John P. Saad & Sons* and finding that statements made upon "information and belief" are not conclusive). Based on the evidence before the trial court at the time Allstate's motion for summary judgment was heard, we cannot conclude that the trial court erred in granting Allstate's motion.

Under this Court's prior holding in *Nicely v. Doe*, throwing an object out of a motor vehicle is essentially unrelated to the act of "using" the motor vehicle. 1999 WL 235795, at *4. That case involved an accident caused when the occupant of a car driven by an unidentified driver negligently threw debris into the direction of plaintiff's vehicle causing plaintiff to swerve and lose control of his vehicle. *Id.* at *1. The *Nicely* court granted the defendant liability insurer's motion to dismiss, finding that such "improper acts" did not arise out of "the ownership, maintenance, or use of a motor vehicle." *Id.* at *4. The facts alleged in Kwan's second amended complaint are similar to the facts in *Nicely*. Therefore, we cannot conclude that the trial court erred in granting the summary judgment motion filed by Allstate.

Kwan argues next that the trial court erred in denying Kwan's motion to amend his complaint to conform to the evidence. The decision to deny leave to amend presents itself to the sound discretion of the trial judge. *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979). However, the trial court's discretion is limited by the rule's provision that leave to amend "shall be freely given when justice so requires." Tenn. R. Civ. P. 15.01; *HMF Trust v. Bankers Trust Co.*, 827 S.W.2d 296, 301 (Tenn. Ct. App. 1991). In cases where the motion to amend is not filed until after summary judgment has been granted, the motion is reviewed under a more restrictive standard than the "freely given" language provided in Tennessee Rules of Civil Procedure 15.01. *See Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994) ("[T]he presumption that leave to amend shall

be freely given pursuant to [F.R.C.P. 15(a)] disappears after judgment has been entered. At this juncture, the party making a [F.R.C.P. 59(e)] motion so that it can amend its complaint had better provide the district court with a good reason to grant its motion.") (citations omitted).

In this case, Kwan's motion to amend his complaint was not made until after the trial court had granted Allstate's motion for partial summary judgment. Therefore, the trial court correctly treated Kwan's motion to amend his complaint as a motion to "reconsider" the grant of summary judgment. Because "the Tennessee Rules of Civil Procedure do not authorize motions 'to reconsider' a grant of summary judgment," the party must either file a motion to alter or amend a final judgment under Rule 59.04 or a motion "to revise" a non-final partial summary judgment under Rule 54.02. *See Harris v. Chern*, 33 S.W.3d 741, 743 (Tenn. 2000).

In this case, the trial court relied on this Court's holding in *Bradley v. McLeod*, 984 S.W.2d 929 (Tenn. Ct. App. 1998) which dealt with a motion to amend or alter a judgment under Rule 59.04. Under *Bradley*, Rule 59.04 motions "may be granted (1) when the controlling law changes before a judgment becomes final, (2) *when previously unavailable evidence becomes available*, and (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." 984 S.W.2d at 933 (emphasis added). Thus, *Bradley* adopted a "newly discovered evidence" rule for Rule 59.04 motions. Finding that Zheng's deposition testimony was available at the time of the hearing on Allstate's summary judgment motion, the trial court held that the evidence was not newly discovered and, therefore, could not be the basis for Kwan's motion to amend.

Subsequent to the trial court's ruling, our Supreme Court addressed the issue of whether a motion under Rule 54.02 to revise a non-final partial summary judgment should be analyzed under *Bradley's* newly discovered evidence rule. *See Harris v. Chern*, 33 S.W.3d 741, 744-746 (Tenn. 2000). Finding that application of the "strict *Bradley* rule would restrict Tennessee trial judges from exercising their broad discretion," the Court instead set forth a balancing test which includes the following factors:

1) the movant's efforts to obtain evidence to respond to the motion for summary judgment;
2) the importance of the newly submitted evidence to the movant's case;
3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment;
4) the likelihood that the nonmoving party will suffer unfair prejudice;
5) any other relevant factor.

*Id.* at 745. The *Harris* Court held that additional evidence in support of a motion to revise a non-final partial summary judgment need not meet the "newly discovered evidence" standard. The Court held instead that the trial court must undertake a balancing test considering all of the above factors and "should make adequate findings of fact and conclusions of law on the record to support their rulings." *Id.* at 746. So long as the trial court makes the required findings of fact and conclusions of law, its ruling will be reviewed on appeal under an abuse of discretion standard. *Id.*

In this case, the trial court applied **Bradley's** "newly discovered evidence"rule in ruling on Kwan's motion to amend the complaint. Rule 54.02 provides:

> [w]hen multiple parties are involved, the Court...may direct the entry of a final judgment as to one or more but fewer than all of the...parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment*. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02 (emphasis added). Under Rule 54.02, the trial court's order granting summary judgment to Allstate was not a final judgment and, therefore, would be reviewed under the balancing standard set forth in **Harris**.

On review of the record, it is clear that Kwan's motion to amend to conform to the evidence was untimely filed and sufficiently prejudicial to Allstate to warrant denial under the balancing factors described in **Harris**. Zheng's deposition was taken in June 1999. At that time, Kwan became aware that the account of the accident by Zheng differed from the factual allegations made in his complaint. Nevertheless, Kwan failed to seek to amend his complaint until after Allstate's summary judgment motion had been heard and granted, some ten months after the evidence first became available. Kwan offers no explanation for this ten month delay. Under these circumstances, Kwan's motion fails under the factors announced in **Harris**, and we cannot conclude that the trial court erred in denying Kwan's motion to amend to conform to the evidence.

Finally, Kwan argues that the trial court erred in denying Kwan's motion to alter or amend the judgment or for partial new trial. At the time Kwan made his motion to alter or amend the judgment, the partial summary judgment had become final and, therefore, the test set forth in **Bradley** applies. **Bradley** states that "Tenn. R. Civ. P. 59.04 motions may be granted (1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." 984 S.W.2d at 933. Similarly, in **Seay v. City of Knoxville**, this Court held "that to justify a new trial for newly discovered evidence it must be shown that the new evidence was not known to the moving party prior to or during trial and that it could not have been known to him through exercise of reasonable diligence." 654 S.W.2d 397, 399 (Tenn. Ct. App. 1983). Clearly, in this case, Zheng's deposition testimony was available before Allstate's motion for summary judgment was heard. Kwan offers no other reason for granting the motion to alter or amend the judgment or for a partial new trial. We find no abuse of discretion in the trial court's denial of Kwan's motion to alter or amend the judgment or for a partial new trial.

The decision of the trial court is affirmed.  Costs on appeal are taxed to Appellants, Dae Kwan, Hyuk J. Kwan, Hyuk W. Kwan, Kook Han-Lee, and their surety, for which execution, if necessary, may issue.


_____
HOLLY KIRBY LILLARD, JUDGE