# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 4, 2006 Session

## EUGENE L. LAMPLEY, ET AL. v. MELVIN D. ROMINE, ET AL.

**Appeal from the Chancery Court for Dickson County**
**No. 7792-02     Leonard W. Martin, Judge**

---

**No. M2005-01726-COA-R3-CV - Filed on December 15, 2006**

---

In a boundary dispute, the trial court refused to find estoppel by deed since the party raising the estoppel had not relied on the erroneous deeds. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

Aubrey T. Givens, Nashville, Tennessee, for the appellants, Melvin T. Romine and wife Maxine M. Romine.

Henry F. Todd, Jr., Dickson, Tennessee, for the appellees, Eugene L. Lampley and wife, Nancy Lampley.

## OPINION

This boundary dispute between the Lampleys and Romines concerns ownership of a .07 acre piece of land bordering Turnbull Creek that was used as a swimming hole. Mr. and Mrs. Lampley maintain that their property line extends to the center of Turnbull Creek thus including the swimming hole. The property owned by Mr. and Mrs. Lampley has been in the Lampley family for generations. Mr. and Mrs. Romine purchased the adjoining tract and commissioned a survey showing that the swimming hole was on their property. After a disagreement between the families arose, Mr. and Mrs. Lampley filed a complaint to bar any claims by the Romines to the .07 acre swimming hole.

At the trial of this matter, the court was presented with conflicting surveys and witnesses from the community with years of experience with the swimming hole. The trial court found that the deeds to the parties were ambiguous and that the Romines never exerted control over the property. Based on numerous witnesses and particularly the credibility of a 90 year old gentleman,

the trial court found the Lampleys owned the property. The trial court found no merit to the Romines argument that the Lampleys were estopped from claiming the property.

The sole ground raised by the Romines on appeal is that the trial court erred in finding that the estoppel defense was without merit. On appeal, the Romines do not dispute the trial court's underlying finding that the Lampleys owned the parcel in question. Instead, the Romines argue that the Lampleys are estopped from now claiming the parcel because the deed whereby the Lampleys acquired title and the quitclaim deed they executed to redesignate title between them both omitted the .07 acre parcel in their descriptions.[1] With regard to the Romines' estoppel argument, the trial court found:

> It appears to this Court that the defense theory of estoppel does not apply because the [Lampleys'] subsequent signing of a deed was to convert their tenancy to a tenancy in common and it did not create new or additional rights and it did not affect anyone else adversely or otherwise.

Therefore, the question presented on this appeal is whether the acceptance and subsequent execution by the Lampleys of deeds containing descriptions that omitted the parcel in question estops the Lampleys from claiming the parcel. Absent estoppel, for purposes of this appeal, the Romines have not questioned the Lampleys' ownership of the parcel. Consequently, we will not review the trial court's findings about the Lampleys' ownership of the parcel.

The facts surrounding the estoppel argument are not in question. Mr. Lampley's mother, Mrs. Myrtle Lampley, deeded approximately 77 1/2 acres to her five (5) children in 1975. In 1995, the heirs obtained a survey to formulate a legal description to be used by the heirs to divide Mrs. Myrtle Lampley's property. Thereafter, in 1995, the children divided the property amongst themselves, deeding approximately twenty (20) acres to the plaintiffs herein, Mr. and Mrs. Lampley. The deed by which Mr. and Mrs. Lampley took title did not include the .07 acre swimming hole parcel. Thereafter, in May of 2001, the Lampleys executed a quitclaim deed for estate planning purposes. The "express purpose" of the quitclaim was to terminate the Lampleys' ownership as tenants by the entirety and to create ownership in the Lampleys as tenants in common. The quitclaim deed provided:

> New legal descriptions were not prepared for this transaction. The legal descriptions are the same as the previous instruments of record.

The theory relied upon by the Romines is estoppel by deed. The Romines argue that since the Lampleys represented that they did not own the .07 acre parcel in the 1995 and 2001 deeds, then

---

[1] We must distinguish between two possible consequences of the Lampleys' acts. First, in the trial court below, the deeds were evidence supporting the position that the Lampleys never considered this parcel to be theirs. The trial court, however, concluded otherwise, and that finding is not appealed. Second, the Romines argue on appeal that the Lampleys' acts prevent them from claiming the parcel. These are two (2) distinct consequences, and only the latter is on appeal.

they are estopped from taking a contrary position and claiming ownership of the parcel. Our Supreme Court has described estoppel by deed thusly:

> [a] bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed or from denying the truth of any material facts asserted in it.

*Denny v. Wilson County*, 198 Tenn. 677, 281 S.W.2d 671, 675 (1955); *Smith v. Sovran Bank Central South*, 792 S.W.2d 928, 930 (Tenn. Ct. App. 1990). As the language suggests, estoppel is generally available only to the other party to the deed or transaction.

> Before establishing estoppel by deed, the parties relying on the estoppel must prove that they:
>
> a. lacked knowledge of the true facts without fault of their own;
> b. relied upon the untrue facts; and
> c. took action based on the untrue statement or misrepresentation.

*Smith*, 792 S.W.2d at 931.

The trial court held that the deeds to the Lampleys "did not affect anyone else adversely or otherwise." The deeds in question that the Romines claim estopped the Lampleys were dated 1995 and 2001. The record shows, however, that Mr. and Mrs. Romine acquired title to their property in 1979. In other words, the Romines owned their property before the Lampleys' deeds existed. Based on these facts, the trial court correctly held that the Romines did not rely or act on the Lampleys' 1995 or 2001 deeds. Consequently, there can be no estoppel by deed.

The Romines cite *Mix v. Miller*, 27 S.W.3d 508 (Tenn. Ct. App. 1999), for the proposition that if a party adopts a survey he is bound by its term. Apparently, they see a distinction between estoppel by deed and estoppel to challenge a survey incorporated in a deed and apparently would argue that while reliance is an element of estoppel by deed, it is not required for estoppel by survey. Examination of the court's decision in *Mix* does not, however, support the Romines' conclusion. On appeal, the court in *Mix* found no estoppel existed because there was no proof the party against whom estoppel was asserted ever recognized or adopted any survey. *Id*. at 514. Consequently, the Mixes, in that case, were not estopped from "challenging their own deed." *Id*. Since there was no adoption of a survey, the court never ruled on whether reliance was a required element either way. Very early cases applied estoppel to deny a survey in cases where reliance was apparent, as in an agreed-upon mutual boundary or a representation from seller to buyer.

Furthermore, trying to differentiate between estoppel by deed and estoppel by survey is a distinction without a difference. Surveys provide the property descriptions that are in deeds. Finally, as a practical matter, a blanket requirement binding a party to a survey or deed that is erroneous would, in effect, prevent parties from correcting mistakes in recorded instruments. Reliance must

be shown in order to claim estoppel by deed or survey regardless of the label used to describe the estoppel claim.

The trial court is affirmed. Costs of appeal are taxed to Mr. Melvin Romine and Mrs. Maxine Romine for which execution may issue if necessary.

                                                 _____

                                                PATRICIA J. COTTRELL, JUDGE